### WALKER GRAIN CO. v. GREGG GRAIN CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1920.)

No. 5551.

1. **Bankruptcy ⊙⟳95—Scope of issues in involuntary proceedings submitted to jury stated.**

   A trial by jury upon a petition for involuntary bankruptcy is confined to the issues of insolvency and whether acts of bankruptcy were committed.

2. **Bankruptcy ⊙⟳95—Jury trial in involuntary proceedings governed by common-law principles.**

   A jury trial upon a petition for involuntary bankruptcy is governed by common-law principles, including right of court to direct a verdict.

3. **Bankruptcy ⊙⟳91(2)—Insolvency held established as matter of law.**

   Evidence regarding an alleged bankrupt's assets, consisting principally of disputed claims against railroads and others, and liabilities, composed largely of petitioning creditors' claims for breach of contract to accept corn tendered it, *held* to establish insolvency as matter of law.

4. **Bankruptcy ⊙⟳467—Directed verdict on requested peremptory instructions unassailable, if supported by evidence.**

   Where an alleged bankrupt and its petitioning creditors requested peremptory instructions on the issue whether acts of bankruptcy had been committed, a directed verdict on this issue is unassailable, unless there was no sufficient evidence to support it.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Petition in involuntary bankruptcy. Proceeding by the Gregg Grain Company and others against the Walker Grain Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. H. Slay, U. M. Simon, and Mike E. Smith, all of Ft. Worth, Tex., for plaintiff in error.

H. C. Ray, Stanley Boykin, and S. B. Cantey, all of Ft. Worth, Tex. (Capps, Cantey, Hanger & Short, of Ft. Worth, Tex., and Orestes Mitchell, of St. Joseph, Mo., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case has heretofore been before this court on a petition to superintend and revise the action of the Dis-

trict Court in appointing a receiver. The order appointing such receiver was held to be fully warranted. 260 Fed. 1022, 171 C. C. A. 669.

It originated on August 16, 1918, by the filing of a petition by the defendants in error against the Walker Grain Company, seeking to have it adjudged a bankrupt. In its answer thereto the respondent demanded a trial by jury on the questions of insolvency and the commission of acts of bankruptcy. This case was so tried on November 10, 1919.

At the conclusion of the evidence the petitioning creditors moved the court to peremptorily instruct the jury to find that the respondent while insolvent committed the acts of bankruptcy charged. The respondent moved the court to peremptorily instruct the jury to find all the issues in the case in its favor, except as to the corn actually shipped and as to the insolvency of respondent. The court found that the undisputed evidence showed that the respondent, within four months next preceding the filing of the petition herein, had committed acts of bankruptcy while insolvent, and was insolvent at the time of the filing of the said petition, and instructed the jury to find the respondent to be a bankrupt on the 16th day of August, 1918.

[1] The error complained of is that the court should not have withdrawn the issues of insolvency and of the commission of the acts of bankruptcy from the jury. If the court did not err in so doing, the other errors assigned become immaterial. A trial by jury at this stage in bankruptcy proceedings is confined to two issues, namely, insolvency and the commission of the acts of bankruptcy. Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200.

[2] The incidents of jury trial at common law, including the right of the judge to direct a verdict, as in other jury cases, attend such jury trials in bankruptcy.

"The trial before a jury is conducted and subject to the immemorial rules surrounding a trial at common law. The right to introduce evidence by way of deposition is unquestioned, and the method of taking evidence is further suggested by the equity rules. The judge can take the case from the jury by directing a verdict, if no question of fact develops, or he can set the verdict aside. If each party asks the court to direct a verdict in his favor, it is equivalent to a request for a finding of facts, and if the court directs the verdict, both parties are concluded on such findings." Collier on Bankruptcy (1917) pp. 490, 491.

If the evidence conclusively showed that the respondent was insolvent, and if there was evidence of the commission of the acts of bankruptcy charged, the instruction of the court was authorized.

[3] In this case the petitioning creditors' claims originated in contracts made for the future delivery of corn. These contracts were admitted to have been made. A part of this corn was shipped, and rejected by respondent. The claims on this score amounted to $21,479.74. These were the claims which the respondent reserved from its request for peremptory instructions.

The remainder of the claims of petitioners was for the difference between the contract price and the market price of so much of the corn contracted to be taken which was not shipped, and as to which

petitioners canceled the contracts, because of respondent's refusal
to give shipping directions. These claims amounted to $76,227.00.
There was no dispute as to the facts regarding these claims. The
only defense was that the petitioners had waived by certain communi-
cations the time of delivery, and that therefore they were not in a
position to cancel said contracts. It was not contended that, if the
contracts were properly canceled, the amounts claimed by petitioners
were not correct.

The court properly held under the undisputed facts that the can-
cellations were proper, and the items on the claims for the canceled
contracts should be considered as debts in determining the question
of insolvency. Indeed, under the requests of both parties for peremp-
tory instructions, the question of the validity of the petitioners' claims,
except as to the corn actually delivered, was submitted for decision
by the court, so far as it was involved in the issues of the case, and
its finding was fully sustained by the evidence. The undisputed evi-
dence shows debts other than those of petitioning creditors, which
respondent admits to be due, aggregating $43,170.17. Therefore, ex-
cluding from computation the claims as to the corn actually shipped,
the indebtedness from the admitted debts and the claims of petition-
ers on the canceled contracts of the bankrupt was $119,397.17.

As to the assets claimed by the respondent, the bulk thereof con-
sisted of claims against certain railroad companies, many of them
two years old, and disputed; an item of $32,700 real estate, which
the evidence shows was held adversely to the respondent under a
foreclosure sale under liens superior to its claim; and claims aggre-
gating over $48,000 against petitioning creditors, alleged to be due be-
cause of a refusal to deliver the corn on demands for it made by re-
spondent on July 8, 1918, under the contracts which the court prop-
erly held had been previously canceled under the uncontradicted facts.
Deducting the items of the claims against petitioners and the $32,700
for real estate, and the face value of the remaining assets was much
less than the debts.

The remaining assets were choses in action, many of which were
claims due for a considerable time and disputed. No proof was
offered as to the value of these other assets. J. L. Walker, president
of respondent, admitted that the company had no money in hand;
indeed, in testifying as to the withdrawal of money from the bank on
July 19, 1918, he denied that any money was withdrawn from the ac-
count of the respondent, and said the company was "broke," while
denying that it was insolvent.

In endeavoring to effect an adjustment with one of the creditors of
the respondent in April, 1918, said Walker, its president, urged as a
ground for accepting the settlement offered that the Walker Grain
Company was insolvent. Walker never denied making this statement.
The evidence showed beyond dispute that the respondent was insol-
vent.

[4] As to the acts of bankruptcy, the requests of the defendant
and petitioning creditors for peremptory instruction on this issue, as
above shown, make the direction of the court thereon unassailable

unless there is no sufficient evidence to support it. Sena v. American Turquoise Co., 220 U. S. 497, 31 Sup. Ct. 488, 55 L. Ed. 559; Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654. Not only is this not the case, but there is undisputed evidence of the commission of more than one of the acts of bankruptcy charged.

The action of the court in directing a verdict was fully justified under the evidence, and the judgment of the District Court is affirmed.