## ANCHOR GRAIN CO. et al. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. February 12, 1924.)

No. 4186.

1. **Judges ⬤⟫51(3)—Motion to certify disqualification properly denied, because of insufficiency of affidavit.**

In bankruptcy proceedings, the District Judge did not err in denying a motion to certify his own disqualification, because of personal bias and prejudice against the president of the bankrupt corporation; the affidavit in support of the motion not alleging that the president was a creditor of the bankrupt estate.

2. **Bankruptcy ⬤⟫221—Motion to disqualify referee held properly denied.**

Court did not err in denying a motion to disqualify referee in bankruptcy, on the ground that he and the attorney for the trustee were law partners; it appearing that the attorney for the trustee was appointed at the request of all the parties who moved to disqualify the referee, that it was agreed between the partners that the referee was not to share in the fees of the attorney for the trustee, and that the attorney had ceased to represent the trustee and neither of them had been guilty of any misconduct.

3. **Judges ⬤⟫51(1)—Motion to disqualify must be made by party to litigation.**

A motion to disqualify a judge can only be made by a party to the litigation, in view of Comp. St. § 988, and the president of a corporation involved is not such a party.

4. **Judges ⬤⟫49(1)—Prejudice as against bankrupt immaterial.**

It is immaterial that a judge is prejudiced against the bankrupt, because by reason of its insolvency it has no interest in the distribution of the assets of its estate among its creditors.

5. **Bankruptcy ⬤⟫444—Notes of evidence before referee not considered, unless authenticated.**

Notes of evidence at hearing before referee in bankruptcy cannot be considered on petition to revise, where not authenticated.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

⬤⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition in bankruptcy by the Anchor Grain Company and others against Glenn Smith, referee in bankruptcy, to superintend and revise orders of the District Court. Petition denied.

J. A. Templeton, of Fort Worth, Tex., W. E. Spell, of Waco, Tex., G. A. Stultz, of Wichita, Kan., and Clay Cooke, of Fort Worth, Tex., for petitioners.

Stanley Boykin, H. C. Ray, and Geo. M. Conner, all of Fort Worth, Tex. (Capps, Cantey, Hanger & Short, of Fort Worth, Tex., and Orestes Mitchell, of St. Joseph, Mo., on the brief), for respondents.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is a petition to superintend and revise two orders of the District Judge entered in proceedings in bankruptcy. . One of the orders denied a motion that the judge certify his own disqualification, because of personal bias and prejudice against J. L. Walker, president of the bankrupt corporation. The other order denied a motion to disqualify the referee in bankruptcy, on the ground that he and the attorney for the trustee were law partners.

[1] The affidavit in support of the motion to disqualify the judge does not allege that Walker is a creditor of the bankrupt estate. The bankrupt itself is insolvent, as this court has heretofore held. Walker Grain Co. v. Gregg Grain Co. (C. C. A.) 268 Fed. 510. Certain creditors joined in this motion, but it is not asserted that the judge had any bias or prejudice against them.

[2] The District Judge found, upon the evidence submitted to him, that the attorney for the trustee was appointed at the request of all the parties who now move to disqualify the referee; that the appointment was made in February, 1921, and that no complaint relative thereto was made until April, 1923, during all of which period of time the petitioners knew that the trustee was a general partner of the referee. The court further found that it was agreed between these partners that the referee was not to share in the fees of the attorney for the trustee, that the attorney had ceased to represent the trustee, and that neither of them had been guilty of any misconduct. Upon these findings of fact, the court denied the motion to disqualify the referee.

[3, 4] The motion to disqualify the judge was properly denied. Such a motion can only be made by a party to the litigation. Comp. St. § 988. Walker is not such a party. The record in Gregg Grain Co. v. Walker Grain Co. (C. C. A.) 285 Fed. 156, shows that the referee had so held, and that Walker voluntarily dismissed a petition to the District Judge for review. The referee's decision, therefore, has become final on that question. If the judge's alleged prejudice be extended to include the bankrupt, of which Walker was president, it is immaterial, because the bankrupt by reason of its insolvency has no interest in the distribution of the assets of the estate among its creditors. We have already so held in Gregg Grain Co. v. Walker Grain Co., supra. No bias or prejudice being alleged against the creditors who join in the motion, we conclude that the judge did not err in refusing to certify his own disqualification.

[5] The record contains what purports to be notes of evidence at the hearing before the referee; but they are unauthenticated, and hence we do not consider them. That a referee in bankruptcy ought not to be in partnership with an attorney for the trustee requires no argument. But if those who brought this situation about, and with full knowledge acquiesced in it for two years can complain, it appears from the findings of the District Judge that the objectionable relationship has resulted in no injury to them, and has been terminated. There ought to be an end to this litigation, but it would probably be much further and uselessly prolonged, if at this late day the acts of the referee should be thrown open to attack upon grounds which the petitioners have waived.

The petition to superintend and revise is denied.