### CUDDY v. OTIS, Judge.

Circuit Court of Appeals, Eighth Circuit.
June 4, 1929.

No. 356, Original.

C. W. German, Lee C. Hull, and C. Z. German, all of Kansas City, Mo., for petitioner.

William L. Vandeventer, U. S. Atty., of Kansas City, Mo., John S. Boyer, of St. Joseph, Mo., and Randall Wilson, of Bethany, Mo., for respondent.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

PER CURIAM. This is an application for a writ of mandamus to require respondent to make an order of record in connection with an affidavit of prejudice filed by petitioner against respondent in cause No. 116 in equity, pending in the District Court for the Western District of Missouri, St. Joseph Division, in which the petitioner, Jean Cuddy, is plaintiff, and John L. Cole, W. C. Cole, Bethany Trust Company, and L. G. Prentiss are defendants, and to certify the same to the senior circuit judge of this court for such proceedings in the designation of a judge to try said cause as are provided by law. The petition, supported by affidavits, the answer and return of respondent, and the reply of petitioner thereto are before us, and have been fully considered.

 The affidavit of prejudice upon which petitioner relies is made by one J. L. Love, as attorney in fact for petitioner, is unaccompanied by certificate of counsel, and states, as the facts and reasons for the belief that bias and prejudice exists, the rulings of repondent in denying certain applications for continuance filed on behalf of petitioner. No other basis for the charge of such bias or prejudice is shown.

The controlling principles involved have been succinctly stated. A motion to disqualify a judge under section 25, vol. 28, U. S. C. A. (section 21, Judicial Code), can only be made by a party to the litigation. Anchor Grain Co. v. Smith (C. C. A. 5) 297 F. 204. The certificate of counsel that the affidavit and application are made in good faith is indispensable as a precaution against abuse, and strict and full compliance with the provisions of the statute is required. Henry v. Speer (C. C. A. 5) 201 F. 869; Berger v. United States, 255 U. S. 22, 33, 41 S. Ct. 230, 233 (65 L. Ed. 481). The judge against whom the affidavit is filed may pass upon the sufficiency of the affidavit, but not upon the truth or falsity of the facts alleged. Henry v. Speer, and Berger v. United States, supra. "Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Berger v. United States, supra. This section of the Judicial Code was "never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." Ex parte American Steel Barrel Co., 230 U. S. 35, 44, 33 S. Ct. 1007, 1010 (57 L. Ed. 1379).

The foregoing pronouncements are decisive of this application. The only facts and reasons assigned for the prejudice alleged to exist are the rulings of respondent upon applications for continuance, made in the exercise of judicial discretion and in administration of court rules in such cases made and provided. If such rules are inapplicable, and the rulings made constitute an abuse of sound discretion, the resulting error may be corrected on appeal. We find in the record before us no support for the affidavit of disqualification, and we cannot indulge the practice of making a mere denial of continuance sufficient foundation for resort to this provision of the Judicial Code.

It follows that the rule to show cause should be discharged and the petition dismissed at petitioner's costs. It is so ordered.