UNITED STATES v. MURPHY et al., and five other cases.

Nos. 13738, 13740, 13754, 13756, 13768, 13770.

District Court, W. D. Missouri, W. D.

May 19, 1937.

Maurice M. Milligan, U. S. Atty., and Randall Wilson, Sam C. Blair, and Thomas Costolow, Asst. U. S. Attys., all of Kansas City, Mo.

James J. McNamara, of Kansas City, Mo., for defendants Murphy, Slattery, and others.

James Daleo, Thomas C. Swanson, and John F. Cook, all of Kansas City, Mo., for defendants Buck and others.

James Daleo, of Kansas City, Mo., for defendants Johnston, Burton, Lynch, and others.

OTIS, District Judge.

In each of the above-entitled cases affidavits of bias and prejudice have been filed against me by several of the defendants. I was not aware of the fact that these affidavits had been filed until my attention was called to them by one of the deputy clerks of this court on the day when this memorandum is dictated and filed. Having carefully considered the affidavits (they are substantially identical one with another), I have reached the conclusion that each is insufficient and accordingly shall so hold. I shall not disqualify. Some explanation of this action is due the parties who have filed the affidavits and will be valued, I trust, by any reviewing court.

In the twelve years of my service in the District Court only three affidavits of prejudice had been filed against me before the first of this present series. Upon one of the three I immediately disqualified; it clearly was sufficient. In two of the three instances I refused to disqualify, since I was then and still am convinced that it is the duty of a trial judge to prevent the use of an affidavit of prejudice as a mere means to accomplish delay and otherwise to embarrass the administration of justice. In these two instances the Court of Appeals upheld my action. Cuddy v. Otis (C.C.A.) 33 F.(2d) 577; Currin v. Nourse et al. (C.C.A.) 74 F.(2d) 273.

The above-entitled cases are all so-called election fraud cases, in which indictments were returned by the grand jury called to serve during the November, 1936, term of this court. I had presided at the trials of the first two of the cases belonging to this group which were tried, in each of which a verdict of "guilty" was returned by the jury. A motion for a new trial was filed in each of these two cases. It was overruled, and in connection with the order a memorandum opinion was written. Generalizations set out in these opinions were seized upon by certain of the defendants in six other cases belonging to this group of cases (cases numbered 13646, 13648, 13676, 13678, 13682 and 13684) and set up as grounds for allegations of bias and prejudice in affidavits of prejudice filed in those cases. Those affidavits were determined by me to be insufficient, and I refused to disqualify myself in any of the six cases. An opinion setting out the reasons for that refusal to disqualify was filed in each of the six cases and is set out in full in each of the affidavits of prejudice now under consideration. The opinion is reported in United States v. Buck (D.C.) 18 F.Supp. 821. It was filed on March 9, 1937.

The grounds set out in each of the affidavits now under consideration as supporting the allegations of personal bias and prejudice are the observations made in the opinions on motions for new trials in the two cases first tried and, in addition thereto, in the opinion holding insufficient the affidavits of personal bias and prejudice in the six cases above referred to.

There is little that I care to add to what I said in the opinion holding insufficient the affidavits of bias and prejudice in the earlier cases. To my mind, a contention that observations in judicial opinions such as the observations embodied in the opinions referred to in the present affidavits indicate any *personal* bias and *personal* prejudice against these defendants-affiants is too absurd to merit argument. When those opinions were written, not a single indictment in any one of the above-entitled cases had been returned by the grand jury. It is inconceivable that any reasonable person will believe that such general remarks as were embodied in the opinions referred to could indicate a personal bias and prejudice against men and women not yet indicted and necessarily as completely unidentified in the mind of the judge writing the opinions as if they had not yet been born. I do not intend, however, in this memorandum, to further develop that conception.

In the opinion of March 9, 1937, in which was discussed the insufficiency of the first series of affidavits filed against me, I suggested that mandamus proceedings be instituted in the Court of Appeals that it might be decided *before trials were had* whether the affidavits were sufficient, notwithstanding my conclusion that they were insufficient. I had then in mind the case of Cuddy v. Otis, supra, of which naturally I had a most distinct recollection, in which the Court of Appeals had entertained just such a mandamus proceeding, making no question whatever of its jurisdiction

nor any question that the remedy was appropriate. I confidently believed that mandamus proceedings (or a mandamus proceeding) would be instituted at once in the Circuit Court of Appeals. It seemed to me that to pursue that course was the reasonable and simple thing. I was surprised that that course· was not taken by the affiants. The alternative course was taken, that is, cases in which affidavits had been filed were permitted to go to trial, error being asserted in those cases on account of the refusal of the trial judge to disqualify.

My attention has been called to the case of Minnesota, etc., Co. et al. v. Molyneaux (C.C.A.8) 70 F.(2d) 545, 546, and to the opinion in that case. My attention was called to that opinion after a first draft of the present opinion had been written and filed. My attention was called to it by one of the attorneys in the earlier cases by whose great ability and fine ethical conduct I have been much impressed. It was this opinion, he informed me, which led himself and his associates to the conclusion that mandamus was not a proper remedy.

Careful consideration of. Minnesota, etc., Co. et al. v. Molyneaux convinces me that not only does it not argue against the propriety of mandamus in such a situation as we have here, but that it goes far to justify the use of that remedy. The opinion in that case, of course; recognizes and follows those Supreme Court opinions which have held that mandamus is not to be resorted to if there is other legal remedy, as remedy by appeal. Clearly, however, the Supreme Court, when referring to "other legal remedy," meant other "adequate legal remedy." In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873. Senior Circuit Judge Stone points out clearly in the Molyneaux opinion that mandamus is a proper remedy, even although the right of appeal exists, where there are " 'circumstances imperatively demanding' a departure from the ordinary remedy by * * * appeal," where " 'special circumstances' * * * justify 'a departure from the regular course of judicial procedure.' "

Now, we have here a situation where obviously special circumstances are present justifying a departure from ordinary procedure, circumstances under which the inadequacy of the remedy by appeal is most apparent. (I do not suppose that in considering whether a remedy is adequate only the interest of him who seeks the remedy is to be considered. Certainly also the interest of him against whom the remedy is sought is to be considered. Certainly also the interest of the courts and of the cause of economical and efficient administration of justice is not entirely to be overlooked.) No one of these affidavits of prejudice stands alone. Each is one of a group of such affidavits and each group of affidavits is one of six groups of affidavits. Each of these affidavits rightly can be viewed only in the light of the whole situation in which it appears as a small part.

The only cases I have found in which it has been ruled that mandamus is not the proper remedy where a judge has refused to disqualify himself (and even in those cases the courts actually have also passed upon the merits) are cases in each of which only. a single proceeding was involved. How different that situation .is from the one presented here ! Affidavits have heretofore been filed in six cases (four of which remain to be tried and are on the trial calendar). The present affidavits also are filed in six cases, all upon the trial calendar. Here are ten cases yet to be tried, in every one of which, if defendants-affiants are right, the trial judge is disqualified. Not only is that true as to these ten cases, but there is every reason to believe (of course there can be no certainty about that) that another grand jury, now in session, charged to investigate matters of . a character similar to those which were investigated by the preceding grand jury, will return other indictments of the same type. One-half of .these new cases, if there are new cases, will be assigned to me. As soon as these new indictments, if any, are returned, it may be predicted that the defendants in those cases assigned to me will file similar affidavits of prejudice. Instead of ten cases in which such affidavits have been filed, we then may have fifteen or twenty or thirty. In the light of these facts, is it not perfectly apparent that there are here special circumstances justifying the remedy of mandamus?

I have consulted with the attorney for the defendants-affiants and I have consulted also with the United States attorney. I have orally urged upon the attorney for the defendants-affiants that mandamus proceedings be instituted, telling him how important it is that the question of my right to try these cases be determined before trials. As yet he has been unable to advise me whether mandamus proceedings will be instituted. The United States attorney has

advised me that it is his position that the question certainly should be determined if possible before trials; that not only will he not contend that there are not special circumstances justifying mandamus, but that he will most earnestly contend that there are such special circumstances as make mandamus a most appropriate remedy. The United States attorney has authorized me to embody this expression of his views in this opinion.

I believe that the affidavits now under consideration are wholly insufficient. Once more, I suggest that *before trials* counsel representing the defendants-affiants present the question of the sufficiency of the affidavits to the Court of Appeals in mandamus proceedings or in *a* mandamus proceeding. I do more than suggest such a course. I urge that course upon learned counsel for these defendants-affiants. I not only urge that course upon them, I appeal to them as officers of this court, as honorable and upright members of the bar (who will agree with me that mere strategy sometimes is indistinguishable from 'pettifoggery), to submit the question raised to the appellate tribunal *now, before trials,* rather than hereafter, after trials.

I trust it is not necessary to say that I have refused to disqualify myself in these cases not because of any desire to preside at the trials of the cases. I say again, as I have said before, that I would be most happy to be relieved of the duty of trying any case of this character. That duty is onerous. Experience has shown that no case of this character can be tried in less than from four to seven days of grueling labor. But, much as I should like to avoid the necessity of doing the work involved, it seems to me that it would be shameful on my part voluntarily, and except from extreme necessity, to impose this great labor on the shoulders of some other District Judge. Where is the District Judge to be found in this circuit who has time to come to this district from his own heavy labors and here to try these six cases, devoting from four to seven days to each? Certainly no other judge can be found who can give so much time to this district without the disruption of the work of his own district.

Theoretically I could call upon my colleague, Judge Reeves, to try these cases, but he has upon his calendar an equal number of cases of the same character. It might have been possible for me to call

upon my new colleague, Judge Collet, to take over these cases, but Judge Collet already, for entirely sufficient reasons, has declined to try these or like cases.

Certainly I should not voluntarily and upon insufficient affidavits disqualify myself in these cases when one of the probable results of such disqualification is that they will not be tried, at least not without great inconvenience to other judges. It would seem to me that these special reasons, which explain in part the position I must take, should appeal to counsel for defendants-affiants, as officers of the court, to accept my suggestion that they present the question of the sufficiency of these affidavits to the Court of Appeals at once.

I shall not try any one of these cases before the last week in June. Long before that time the question of the sufficiency of these affidavits, or of some one of them (it will be sufficient if one is presented), may be presented to the Court of Appeals.

Each of the affidavits of personal bias and prejudice filed by defendants in each of the above-entitled cases, having been duly considered by the court and the court being fully advised in the premises, is by the court ruled to be insufficient. The disqualification asked is denied. It is so ordered. To this order each of the defendants-affiants is allowed an exception.