## BELAND et al. v. UNITED STATES.

### No. 9601.

Circuit Court of Appeals, Fifth Circuit.

Feb. 27, 1941.

Rehearing Denied March 20, 1941.

**959**

Marvin B. Simpson, of Fort Worth, Tex., C. Ray Smith, of Santa Fe, N. M., and Harold H. Young, of Dallas, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., and William P. Fonville, Asst. U. S. Atty., both of Fort Worth, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appellants Charles ·Beland and Bert Barkley, with 27 others were indicted and charged with violations of the Harrison Anti-Narcotic Act, 26 U.S.C.A. Int. Rev.Code, §§ 2353, 2354, and the Drugs Import and Export Act, 21 U.S.C.A. § 174, and with conspiracy to violate these acts. The record here is the same as in Chadwick et al. v. United States, 5 Cir., 117 F.2d 902, decided February 18, 1941, where a general statement of the case may be found.

Beland was found guilty on counts 16, 18, and 42 of the indictment. He received a general sentence of five years imprisonment on counts 16 and 42, and a ten year suspended sentence on count 18. Barkley was found guilty on count 42 and was sentenced to serve two years in the penitentiary. Neither Beland nor Barkley testified at the trial.

What was said in the Chadwick opinion as to misjoinder, variance, and improper remarks of counsel is applicable here. .

Conjecture and suspicion place Barkley with the conspirators, but when we come to search out evidence of guilt from the record we find it lacking. We are unable to find substantial evidence upon which the jury could properly base Barkley's conviction on count 42. His motion for a peremptory instruction of not guilty should have been granted.

As to Beland the case is different. The evidence shows without dispute that Beland was in close and constant contact with the other conspirators; his name appeared on the record books of the New York syndicate; he sought out and gave his co-conspirators the names and addresses of prospective customers; he gave information as to who was presently in possession of heroin and where it could then be found; he gave heroin to the Blakeleys and informed them that his co-conspirator Ross had gone to their home to see them and to sell them heroin which had just been procured from New York. The existence of a conspiracy may be shown by inference and circumstantial evidence and any substantial evidence of knowledge and participation in a conspiracy will justify a verdict of guilty. The trial court properly refused to instruct a verdict of not guilty as to Beland on the 42nd count. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Riddle v. United States, 5 Cir., 279 F. 216; Beland v. United States, 5 Cir., 100 F.2d 289; Pullin v. United States, 5 Cir., 104 F.2d 57.

There was abundant evidence upon which the jury could have based conviction of Beland on certain substantive counts of the indictment, but we are unable to find evidence supporting his conviction on the 16th and 18th counts. The offenses proved under these counts concerned the sale by Dewey and Marie Ross of 37 grains of tax unpaid, unstamped heroin, not in or from the original stamped package, to Beulah Franks; and the concealment of 37 grains of unlawfully imported heroin in February, 1939. As far as the evidence shows Beland did not come into the conspiracy until later. Beland's conviction on counts 16 and 18 is not supported by the evidence, and no sentence should have been assessed on these counts.

Before this case was tried Beland attempted to ·file an affidavit of personal bias or prejudice to disqualify the trial judge under the provisions of 28 U.S.C.A. § 25. The affidavit was signed "Charles Beland, In Propria Persona", and was not accompanied by the certificate of counsel

required by the statute. The clerk, therefore, refused to file the affidavit. At a hearing of preliminary matters Beland presented a written motion signed "Charles Beland, Defendant, and attorney in his own behalf". In this motion Beland asked the court to consider his affidavit of prejudice and bias and permit it to be filed. Beland had two counsel of record, and the attorney who tried the case below and who argued the appeal here was present in court and conferred with Beland before he presented the motion to the judge. The court gave Beland's counsel opportunity to certify to the affidavit, but counsel declined to do so and stated that he was not representing Beland on the motion. The court then held that the affidavit was insufficient under the statute and refused to recuse himself or to allow the affidavit to be filed. Beland charges that the refusal of the judge to recuse himself was error.

■ The statute relied upon by Beland, 28 U.S.C.A. § 25, has been construed by the courts on many occasions. Its meaning is well settled. The courts have held that compliance with its every provision is essential. Section 25 in no uncertain terms provides that an affidavit of personal bias or prejudice shall not be filed "unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith". This is no meaningless provision; its purpose is obvious. A judge may not consider the truth or falsity of allegations in an affidavit of personal prejudice or bias, and the provision requiring the certificate of a member of the bar is a precaution against abuse of the privilege afforded by the act. The "good faith" certificate of counsel of record is indispensable and affidavits which are not accompanied by the certificate are insufficient and may not be filed. Cuddy v. Otis, 8 Cir., 33 F.2d 577; Newman v. Zerbst, 10 Cir., 83 F.2d 973; Currin v. Nourse, 8 Cir., 74 F.2d 273; Morse v. Lewis, 4 Cir., 54 F.2d 1027; Henry v. Speer, 5 Cir., 201 F. 869; Berger v. United States, 255 U.S. 22, 41 S.Ct. 230,

65 L.Ed. 481; United States v. Flegenheimer, D.C., 14 F.Supp. 584. There is no merit in the contention that Beland was representing himself and that, therefore, certificate of counsel was not required. Whatever may be said as to relaxing the requirement where a person has no counsel of record would not apply here for Beland had counsel of record at all times and they declined to sign the certificate. Beland could not shuttle his counsel in and out of the case in order to circumvent the statute, to hold that he could do so would render meaningless and useless the plain provision of the statute which expressly requires certificate of counsel to accompany the affidavit. Moreover, had the affidavit been certified it would have been insufficient for it presents no facts showing personal prejudice or bias on the part of the trial judge. The affidavit, at most, expresses fear that the judge is not impartial; that this fear had been increased by the severity of sentences imposed in other narcotic cases, and by the fact that disbarment proceedings had been instituted against a lawyer who had certified to an affidavit of personal bias and prejudice in a former case. The allegations do not satisfy the statute which is designed to disqualify a judge because of *personal bias and prejudice* and not because his rulings and sentences are not acceptable to the affiant. The orderly administration of justice requires that affidavits filed under the statute be strictly construed so as to prevent abuse, and that they state facts, not baseless conclusions, showing personal bias or prejudice of the judge against the affiant. Simmons v. United States, 5 Cir., 89 F.2d 591; Ryan v. United States, 8 Cir., 99 F.2d 864; Craven v. United States, 1 Cir., 22 F.2d 605; Johnson v. United States, D.C., 35 F.2d 355.

The judgment against Barkley is reversed and the court will order his discharge. As to Beland the judgment on counts 16 and 18 is reversed, and on count 42 is affirmed; he will be resentenced accordingly.

Reversed and remanded with direction.