571 F.Supp. 958 (1983)
UNITED STATES of America, Plaintiff,
v.
STATE OF ALABAMA, et al., Defendants.
Civ. A. No. 83-C-1676-S.
United States District Court, N.D. Alabama, S.D.
September 13, 1983.
*959 *960 Frank Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for plaintiff.
Ira Dement, Montgomery, Ala., Glenn Powell, Tuscaloosa, Ala., Charles Coody, Montgomery, Ala., Walter Merrill, Anniston, Ala., Fred Ingram, Joe Whatley, Birmingham, Ala., Richard Calhoun, Troy, Ala., Frank Ellis, Jr., Columbiana, Ala., Robert Potts, Florence, Ala., Maxey Roberts, Mobile, Ala., Solomon Seay, Montgomery, Ala., for defendants.

MEMORANDUM OF OPINION DENYING 28 U.S.C. § 144 MOTIONS TO DISQUALIFY
CLEMON, District Judge.
Auburn University and State Superintendent of Education Wayne Teague, two of the sixteen defendants in this case, have filed motions seeking my recusal as judge herein. These motions were filed pursuant to 28 U.S.C. § 144 ("§ 144") and 28 U.S.C. § 455 ("§ 455").
The motions allege that I have "... a personal bias or prejudice concerning a party," for § 144 purposes. They further allege that my impartiality may reasonably be questioned; that I have a personal bias or prejudice against a party and personal knowledge of disputed evidentiary facts concerning this proceeding; that in private practice I served as a lawyer in the matter in controversy; that a minor child residing in my household has an interest that could be substantially affected by the outcome of the proceeding; that my minor children may be parties to this proceeding; and that I have a personal relationship with Donald Stewart, co-counsel for one of the partiesall in violation of § 455(a), (b)(1), (b)(2), (b)(4), and (b)(5)(i). Because I may proceed no further herein if the § 144 affidavit is "legally sufficient," I deem it appropriate to address the § 144 matter instanter; and the questions raised under § 455 will be treated in a subsequent memorandum of decision.
Section 144 of the Judicial Code is clear and unambiguous:
Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
Under the statute, I may not pass on the truth of the matters alleged in the disqualification affidavit; I must assume them to be true even where I know certain allegations to be untrue. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). Once the affidavit is filed, my role is narrowly circumscribed to three issues: (1) was the affidavit timely filed, (2) was it accompanied by a certificate of good faith executed by counsel of record for the movant; and (3) is the affidavit legally sufficient in its compliance with the statutory requirements? Parrish v. Board of Commissioners of the Alabama State Bar, 524 F.2d 98 (5th Cir.1975). If the affidavits filed by Auburn and Superintendent Teague pass muster under these three standards, then I cannot proceed further in this case; it must be assigned to another judge of the Court.
The affidavit "... shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard." 28 U.S.C. § 144. Generally, the courts have recognized that the major purpose of the timeliness provision is to safeguard against the use of § 144 as a delaying tactic, as well as "to prevent a litigant from sampling the temper of the court before deciding whether to file such an affidavit." "Timeliness of Affidavit of Disqualification of Trial Judge Under 28 U.S.C. *961 § 144," 24 ALR Fed 290. Reasonable diligence in the filing of the affidavit is therefore required, whether the basis of the claim of bias or prejudice is known more than ten days before commencement of the term of court or discovered at a later time. United States v. Womack, 454 F.2d 1337 (5th Cir.1972).
Here, although Auburn and Superintendent Teague have presumably been aware of my involvement in the Lee v. Macon County litigation and my relationship with Donald Stewart for some time prior to the commencement of this action,[1] the Motion To Intervene, which serves as a basis for the claim of bias or prejudice arising out of the race of my minor children was only filed on August 23, 1983. Under these circumstances, the affidavits must be deemed to have been timely filed.
The disqualification affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. In addition to his obligation to vigorously represent his client, counsel of record in any case has a public duty, as an officer of the court, "... to aid in the administration of justice and to uphold the dignity of the court and respect its authority." Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir.1970), citing United States v. Onan, 190 F.2d 1, 6-7 (8th Cir.1951). The requirement of a good faith certificate is grounded on the assumption "... that counsel will not execute a certificate in reckless disregard of the truth." Id., citing Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.1942). It protects both against an obviously untruthful affidavit and an unjustified attempt to disqualify a judge. Id. Thus, a disqualification affidavit unaccompanied by a certificate of good faith signed by counsel of record admitted to practice before the court is a legally insufficient affidavit and will not support a § 144 recusal motion. Id.; Beland v. United States, 117 F.2d 958 (5th Cir.1941); Ex parte N.K. Fairbank Co., 194 F. 978 (D.C.Ala.1912).
In the instant case, both affidavits are accompanied by the requisite certificates of good faith, executed by counsel of record for the respective party seeking recusal. Each such counsel is admitted to practice in this Court.
A disqualification affidavit, to be legally sufficient in statutory terms must (1) be filed by a party to the proceeding, and (2) state such facts and reasons (their truth being assumed) for the belief that bias or prejudice exists as would convince a reasonable man that a bias exists. Parrish, supra. The legal sufficiency of a § 144 affidavit is determined as a matter of law.
Nearly sixty years ago, the law of this circuit[2] was established: a disqualification affidavit must be filed by a party to the litigation. Anchor Grain Co. v. Smith, 297 F. 204 (5th Cir.1924). The circuits which have considered the issue have held uniformly that an affidavit signed by counsel for a party seeking disqualification is insufficient.[3] In the Eleventh Circuit, the requirement is apparently more stringent. Even if a disqualification affidavit is in fact signed by a party, if it is in substance a "lawyer motion" as distinguished from a party motion, it is legally insufficient. Davis *962 v. Board of School Commissioners of Mobile County, 517 F.2d 1044, 1051 (5th Cir.1975). In Davis, the circuit held "... that [the term] `party' as used in § 144 does not include counsel as such." Id., at 1050, citing Wilson, supra; and Giebe, supra.
Without doubt Auburn's recusal affidavit was neither made nor filed by the university through its president or the Chairman of its Board of Trustees; rather it was executed and filed by Edward S. Allen, its attorney of record.[4] Likewise, Wayne Teague did not make or file a disqualification affidavit; his attorney, Charles S. Coody, made and filed it.[5] Under longstanding, settled decisional law, these affidavits are legally insufficient because they are not signed by parties to the litigation.
Accordingly, Auburn University and Wayne Teague's Motions for Recusal must be OVERRULED, insofar as they are based on 28 U.S.C. § 144.
Nevertheless, I have an independent duty to determine whether recusal is appropriate under § 455. To the extent that Auburn University and Wayne Teague's motions are based on § 455, they merely underscore an obligation on my part to disqualify myself in any proceeding in which there is a reasonable factual basis for doubting my impartiality. Moreover, if it is true that I am personally biased or prejudiced against or in favor of any party to this proceeding; or if I have personal knowledge of disputed evidentiary facts concerning the proceeding; or if in private practice I served as a lawyer in the matter in controversy; or if I know that any minor child residing in my household has an interest that could be substantially affected by the outcome of this proceeding; or if my minor children are parties to this proceeding, then I must disqualify myself on either of those grounds regardless of the desires of the parties.
Shortly after this case was assigned to me, I read the complaint and considered sua sponte the question of whether I should recuse myself under § 455, in view of my substantial background in private practice as a civil rights lawyer who often handled school desegregation cases at the elementary and high school level. I satisfied myself at the time that the facts as I knew them did not warrant disqualification under either of the subsections of § 455(b); and I could not conceive of any reasonable basis on which my impartiality in this proceeding might reasonably be questioned. Now that the issue has been raised by motion of counsel for two of the parties, I will unhesitatingly revisit the question, for I have no overriding duty to sit in this case, and my docket will not be cleared if this case is assigned to another judge.
However, in revisiting the question, I am not required to assume that the allegations of the affidavits of counsel are true. Phillips v. Joint Legislative Com., etc., 637 F.2d 1014, 1019 n. 6 (5th Cir.1981);[6]United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). At this point, I am seeking certain records which bear on the allegations of the disqualification motion and affidavit in an effort to determine the true facts.
At the September 16, 1983 motion docket, the court will consider such additional evidence as the parties wish to offer in support of, or in opposition to, the § 455 recusal motions. Messrs. Allen, Thagard, and Coody shall appear at the said motion docket.
The § 455 motion will be deemed submitted to the Court as of September 17, 1983, unless one or more of the parties requests additional time for submission of further evidence. I shall shortly thereafter issue a memorandum of my decision on this issue.
NOTES
[1] Co-counsel for Auburn, Thomas W. Thagard, Jr., was counsel for the State Department of Education in the Lee v. Macon County litigation. My relationship with then-Senator Donald Stewart was the subject of widespread media publicity, both within and without the State of Alabama, prior to my confirmation hearings in 1980.
[2] Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981).
[3] Roberts v. Bailar, 625 F.2d 125 (6th Cir.1980); Wilson v. Coughlin, 472 F.2d 100 (7th Cir. 1973); Cuddy v. Otis, 33 F.2d 577 (8th Cir. 1929); Giebe v. Pence, 431 F.2d 942 (9th Cir. 1970). In Rosen v. Sugarman, 357 F.2d 794 (2nd Cir.1966), the Second Circuit held that a disqualification affidavit filed by an attorney in an effort to disqualify the judge from passing on the affiant's personal application for an allowance in that proceeding was legally sufficient. The attorney-affiant was in fact the party seeking disqualification, for only his personal interests were implicated. The case is appropriately reported as Alex Rosen (the attorney-affiant) v. Honorable Sidney Sugarman (the judge whose disqualification was sought).
[4] The same attorney of record executed the Certificate of Good Faith.
[5] Actually, the Coody affidavit is not an affidavit for purposes of § 144. It is simply a certificate that the Allen affidavit is substantially true and correct.
[6] ... If a party could bind a judge by his factual allegations in a second 455 motion, free from the formal requirements and more demanding standard of proof of section 144, the result would be a virtual open season for recusal.