**UNITED STATES of America,**

**v.**

**Frederick MILLER, Defendant.**

**No. CRIM 04–379–2RCL.**

United States District Court, District of Columbia.

Jan. 27, 2005.

Brian Keith McDaniel, McDaniel & Associates, Washington, DC, for Frederick Miller.

Julies Rothstein, U.S. Attorney's Office, Washington, DC, for U.S.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Frederick Miller, one of twenty co-defendants charged with participating in a narcotics conspiracy, moves this Court to recuse itself from hearing his criminal case. For the reasons set forth below, the Court DENIES defendant's motion.

■ Defendant moves for disqualification pursuant to 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists .... A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The judge who is the object of the recusal motion rules on the motion. *United States v. Mitchell*, 377 F.Supp. 1312, 1315 (D.D.C. 1974). "In order to prevent a truly biased judge from blocking an attempt to recuse, the judge, in deciding whether to grant the recusal motion, must accept the affidavit's factual allegations as true even if the judge

knows them to be false." *SEC v. Loving Spirit Found.*, 392 F.3d 486, 496 (D.C.Cir. 2004). On the other hand, disqualification is not automatic upon submission of affidavit and certificate; rather, the judge must review these submissions for legal sufficiency, *James v. District of Columbia*, 191 F.Supp.2d 44, 46–47 (D.D.C.2002), and construe them strictly against the movant to prevent abuse, *United States v. Haldeman*, 559 F.2d 31, 135 (D.C.Cir.1976); *Beland v. United States*, 117 F.2d 958, 960 (5th Cir.1941).

### *Defendant's Affidavit*

In an affidavit dated November 11, 2004, the defendant Miller tells a story about how this Judge denied him payment for work he completed as an investigator hired by court-provided defense counsel for Brian Bostick, a defendant in *United States v. Edelin* (Crim. No. 98–264)and *United States v. Gray* (Crim. No. 00–157), two other criminal matters before this Judge. Miller states that allegations that Bostick committed forgery "resulted in an investigation issued by Judge Lamberth, into my firm, Dream Team Investigation Services." Miller then states that the investigation cleared him of wrongdoing. Finally, Miller states that he submitted a voucher to this Judge requesting payment and that he "was denied payment by Judge Lamberth."

### *Absence of Certificate*

■ Defendant has submitted an affidavit and defendant's counsel has filed a motion for recusal, but defendant's counsel has failed to certify that defendant's affidavit is in good faith. "[T]he attorney's certificate plays a critical role in the recusal process." *Loving Spirit*, 392 F.3d at 496. To prevent parties from filing frivolous affidavits, "the statute requires the attorney presenting the motion to sign a certificate stating that both the motion and declaration are made in good faith." *Id.* (citations omitted); *see also James*, 191

F.Supp.2d at 47. Counsel's failure to make this certification is grounds for denying the motion. *United States v. Sepulveda*, 512 F.Supp. 592, 595 (D.D.C. 1981) (citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973); *Coppedge v. United States*, 311 F.2d 128, 133 (D.C.Cir.1962)). Therefore, on this basis alone, defendant's motion fails.

### Substance of the Allegations

■ Even if the Court considers the substance of defendant's allegations of bias, the motion to recuse must still be denied. If the Court is to recuse itself, defendant's allegations must concern personal bias, which means they "must stem from an extrajudicial source" *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). A judicial source not only includes events at a trial and hearing in the pending case, but events in chambers, *e.g., United States v. Prof. Air Traffic Controllers Org.*, 527 F.Supp. 1344, 1356 (N.D.Ill.1981), and matters related to prior court proceedings, *e.g., Haldeman*, 559 F.2d at 132; *Tripp v. Executive Office of the President*, 104 F.Supp.2d 30, 35 (D.D.C.2000). Here, the refusal of payment—the act that allegedly shows this Judge's bias—was, as defendant notes, a decision made in the course of a pending criminal matter before this Judge. This Judge became aware of defendant only by fulfilling judicial duties and, assuming the truth of defendant's allegation as must be assumed, by making a decision in an official capacity as a judge. Therefore, because the matter was placed "before the court in the course of fulfilling its judicial responsibilities, the court's exposure . . . is not properly characterized as 'extrajudicial.' *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also United States v. Gordon*, 61 F.3d 263, 268 (4th Cir.1995) (affirming district court's denial of recusal motion, which was based upon the court's

involvement in prior related proceedings); *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir.1999) (in camera hearing does not constitute extrajudicial source) (citations omitted); *United States v. Nicholson*, 955 F.Supp. 582, 583 (E.D.Va.1997) (denying defendant's motion to recuse, which was based on court's prior participation in the case as a member of the U.S. Foreign Intelligence Surveillance Court)." *Tripp*, 104 F.Supp.2d 30, 35. Defendant's allegations concern judicial, non-personal matters and cannot properly be the basis of a motion for disqualification.

■ Further, courts in this Circuit require that the affidavit "meet exacting standards." *Haldeman*, 559 F.2d at 135. The affidavit "must be strictly construed; it must be definite as to time, place, persons and circumstances. Assertions merely of a conclusionary nature are not enough, nor are opinions or rumors. And the affidavit must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (citations and internal quotations omitted). The present affidavit is not definite. It offers no specifics about the unsigned payment voucher: no date, no amount, and no list of services. It alleges bias based on the single denial of a payment voucher. It requires the Court to infer that just because the defendant was cleared by an investigation he is entitled to payment, no matter what the contents of the voucher. This inference is weak at best. Moreover, the denial of a single voucher does not give fair support to defendant's charge of bias. A reasonable person would expect a judge who denied a voucher in one instance to grant a voucher in another instance, or, more to the point, preside over the trial of a person whose voucher he once denied.

### Conclusion

For all these reasons, the motion to recuse is hereby DENIED.

Even though the Court denies defendant's motion, it will place several documents into the record of this case that will, it is hoped, set at ease the minds of defendant and counsel. These documents will show that several statements in defendant's affidavit are untrue. While the Court could not contest the facts stated in defendant's affidavit while considering the recusal motion, the Court now notes the untrue statements and clarifies the events underlying defendant's motion.

First, it is true that this Judge signed, on August 9, 2001, an order submitted by Brian Bostick's attorney in the *Edelin* case that appointed Miller as a defense investigator. At that time, this Judge knew nothing of Miller or his organization, Dream Team Investigation Services. Second, this Judge never denied any of defendant's payment vouchers because this Judge was never presented with any such vouchers to sign. Any such voucher submitted by a defense investigator would first have to be signed by the appointed defense attorney. There is no evidence here that Bostick's attorney, Mr. Clennon, or Bostick's successor counsel ever signed such a voucher. The voucher would then be presented to the Federal Public Defender for approval and forwarding to the assigned judge in the case. There is no evidence that the Federal Public Defender ever even received a voucher to process for payment. Moreover, the undersigned Judge never denied payment as no voucher was ever submitted for payment.

As for the investigation that defendant mentions, an investigation took place, but not into the alleged forgery and not by this Court. The investigation, conducted by United States law enforcement officials and attorneys, as set forth in the government's motion filed August 18, 2003, concerned Bostick's behavior while detained in prison, uncovered the forgery to which Miller refers, and found evidence that Miller was visiting Bostick in prison and aiding him in the obstruction of justice.

All of this is made clear in the documents the Court places in the record today:

1) The Government's Motion, filed August 18, 2003, to Prohibit Certain Defense Investigators From Visiting the Defendant at the D.C. Jail in the *Gray* case;

2) An order granting the motion described in item 1;

3) Motion, filed August 19, 2003, for Leave to Withdraw from Representation filed by Bostick's attorneys in the *Gray* case;

4) An order granting the motion described in item 3;

5) Motion, filed August 19, 2003, for Leave to Withdraw from Representation filed by Bostick's attorneys in the *Edelin* case;

6) An order granting the motion described in item 5;

7) Court order, dated August 9, 2001, approving attorney Cary Clennon's Request for Authorization to Employ Frederick Miller as a defense investigator in the *Edelin* case.

8) Transcript of Proceedings in 00–157–9, *United States v. Bostick*, August 21, 2003;

9) Notice of Filing, on August 21, 2003, by counsel for Bostick of two proposed authorizations for Frederick Miller in *United States v. Gray*, and one approval notification for Frederick Miller in *United States v. Eiland.*[1]

---

1. Although Bostick's counsel stated at the August 21, 2003 hearing that he had applied to

the court to have Corey Moore and Frederick Miller and D.T. Investigations authorized to be defense investigators, when the court requested counsel to provide copies of the authorizations, these three documents were the only documents provided. There is no evidence that the February 14, 2003 or February 26, 2003 requests in the Gray case were ever acted upon. The prior request of August 8, 2001 was in fact approved and signed on August 9, 2001.