**UNITED STATES v. PENDERGAST et al.**
(two cases).

Nos. 14912, 14937.

District Court, W. D. Missouri, W. D.

Aug. 22, 1940.

Richard K. Phelps, Acting U. S. Atty., of Kansas City, Mo., for plaintiff.

R. R. Brewster, Sr. (of Brewster, Brewster & Brewster), and John G. Madden (of Madden, Freeman & Madden), both of Kansas City, Mo., for T. J. Pendergast.

OTIS, District Judge.

No judge should step aside from any case merely because a litigant prefers some other judge. The judge is not a referee selected by the parties. He is more than a referee and he is selected by the sovereign power of the nation. It is morally wrong for him to abandon the post the sovereign has assigned him except only when it is required by law. Especially is that true in a criminal case. It is unthinkable that a man indicted of crime should be permitted, by a mere gesture, to dispose of the judge designated to preside at the trial.

The law authorizes an affidavit of bias and prejudice, Section 25, Title 28, U.S.Code, 28 U.S.C.A. § 25, but it is not sufficient that the affidavit shall assert as a conclusion that the judge has bias and prejudice. The statute requires that the affidavit "shall state the facts and the reasons for the belief that such bias or prejudice exists." Controlling decisions hold that the facts and reasons set out must logically support the conclusion asserted. The judge against whom an affidavit is filed must test the affidavit by that rule. The law compels him to accept as true the alleged facts (leaving to the public prosecutor the matter of dealing with the situation when the affidavit is false) and compels the judge to "proceed no further" if the alleged facts support the conclusion of bias and prejudice.

By the rule stated I test the affidavits of bias and prejudice filed against me by T. J. Pendergast in these cases. What I said in the charge to the grand jury which indicted Pendergast is set out as showing prejudice, and particularly the following parts of the charge: (1) The statement that when, on two occasions, the presiding judge of the three-judge court (Honorable Kimbrough Stone) directed the United States Attorney to file contempt charges against Pendergast, O'Malley and McCormack and to submit to the grand jury an inquiry as to whether they should not be indicted for obstructing justice, the statement that "there was then every reason to believe * * * that they * * * had perpetrated an outrageous contempt * * * and had been guilty of the crime of obstructing justice." (2) The statement that, if the same evidence which was presented to the three-judge court was presented to the grand jury, it

would justify indictments against Pendergast, O'Malley and McCormack. (3) The statement that there was evidence which existed and could be produced before the grand jury, which, if produced and believed, would show that Pendergast, O'Malley, McCormack and Street conspired to prevent by affirmative concealment discovery by the three-judge court of the acts constituting contempt and obstruction of justice.

Now it is absurd to say that any one of these three statements to the grand jury proved any bias or prejudice against Pendergast, *unless the statement was false. Conviction based upon evidence is not prejudice,* and no good lawyer will contend that it is.

Except for one sentence in these lengthy affidavits they are wholly insufficient. That one sentence is the following: "Affiant says that there was no evidence of any kind before Judge Otis or in his possession that this affiant and his co-defendants had entered into any agreement of any kind that they, or any of them, would, if questioned, make any denials of any kind for any purpose; that there were no such facts contained in the evidence given in the hearing before Judge Paul V. Barnett, Special Master, and that there was no fact or circumstance or evidence before Judge Otis to base this part of the charge upon except, perhaps, the fact that A. L. McCormack, testifying before a Grand Jury then investigating alleged tax evasion, denied that he had received any money at any time from any of the insurance companies involved or from any person; and, perhaps, rumor that one of the defendants herein had denied to a newspaper reporter any knowledge of any fraud connected with the settlement of said insurance case; but that these facts stated by the court to the jury as proved facts were simply upon rumor and conjecture."

In this sentence it is alleged that, when it was said to the grand jury that evidence existed, which might be produced, that would show, if produced and believed, a conspiracy to make denials and accomplish concealment of what had been done by Pendergast, O'Malley and McCormack, *the judge knew of no such evidence and there was no such evidence*. It is true that the sweeping allegation that there was no such evidence immediately is qualified by an *"except, perhaps * * *"* and by a second *"perhaps * * *."* (So, "per-

haps", shrewd, able and ingenious counsel, who wrote these affidavits and said to Pendergast, "Sign here," created a storm cellar for him should the prosecutor or probation officer suggest that the affidavits might be false.) *The allegation is there. It is an allegation of fact.* The integrity and uprightness of counsel is not questioned, but the allegation is untrue. Undoubtedly it was made in ignorance of the whole truth. However untrue, it must be accepted now as true. *The judge did know of the evidence he spoke of and that evidence was presented to the grand jury.* A transcript of the testimony before the grand jury (which, so far as it concerns this matter, I have read) conclusively shows it.

The affidavits then are sufficient in law, by reason of a single sentence, *which sentence is an erroneous guess with a loophole left to wiggle out of if a loophole should be needed.*

I deny for the record that I have any prejudice, but I shall cause to be certified to the senior circuit judge now in the circuit the fact that affidavits of bias and prejudice, sufficient in law, have been filed against me.