**SANDERS v. ALLEN.**
No. 3145.

District Court, S. D. California,
Central Division.

Dec. 29, 1944.

418

Allard & Whyte, of Pomona, Cal., for plaintiff.

Paul Taylor, of Los Angeles, Cal., for defendant.

**J. F. T. O'CONNOR, District Judge.**

This action is founded in tort. The plaintiff prays judgment against the defendant for actual damages in the sum of $100,000 and punitive damages in the sum of $100,000, making a total of $200,000. Both plaintiff and defendant are citizens and residents of the State of California. There are two questions to be decided by the court. (1) The sufficiency of the affidavit of prejudice, and (2) the jurisdictional question. In order to pass upon the first question, a brief summary of the allegations in the complaint will be stated.

The plaintiff alleges a violation of Regulation 53 of the Emergency Price Control Act and, among the enumerated alleged violations, are:

"* * * the defendant refused to furnish steam heat, electric current for refrigeration, hot and cold running water in kitchen and some in bathroom, use sun room on roof, and use of telephone, reduced lighting in lobby making same 'unsafe and impossible to read or enjoy', denied plaintiff use of porches and lobby by threatening plaintiff when plaintiff used same. The complaint alleges that when plaintiff required steam heat 'defendant assaulted plaintiff threatening to do him great bodily harm, shouted at him in a loud and angry tone and shaking his fist in plaintiff's face.'

"* * * attempted to force plaintiff out of apartment in violation of Regulation No. 53. Defendant advised plaintiff he could rent apartment at $7.50 per month above ceiling price."

The plaintiff alleges a second assault, "* * * again assaulted plaintiff, advancing toward him with fists swinging and in a loud and boisterous voice and in an harassing and threatening manner, told plaintiff that he was going to throw him out of said tenancy on the 9th day of September, 1943, and that he intended to beat plaintiff until plaintiff was unconscious on the floor and then hurl him bodily out of the apartment", also calling the plaintiff bad names. The complaint then alleges that other tenants in the same apartment have had their rent raised by the defendant in excess of the ceiling rentals, and alleges that the plaintiff is not in default in the payment of his rent. The defendant answered and denies specifically and generally all of the allegations of the complaint, and as a separate defense contends the court has no jurisdiction of the cause of action; and further that the complaint does not state a claim upon which relief can be granted in this court.

It will be noted that the plaintiff does not allege a battery, and counsel frankly admit that the defendant never committed a battery of any kind upon the plaintiff.

The allegations in the complaint, if established, would show continued irritating conduct on the part of defendant toward the plaintiff, and alleges further: "permanently impaired the range of plaintiff's vision * * *."

At the pretrial hearing the court called the plaintiff's attention to what the

court considered a prayer for excessive damages under the facts alleged in the complaint, and expressed surprise that any attorney would allege damages in the amount of $200,000 under the facts stated. The attorney for the plaintiff contends that it was an act of prejudice on the part of the court to make any such comment upon the pleadings. In other words, the plaintiff contends that such comment on the part of the court disqualifies the court from hearing the case. If the contention of the plaintiff is sound in law, then a court cannot make any comment upon any pleadings. No reference was made by the court to the plaintiff in the action, and the record shows that the court did not know either the plaintiff or the plaintiff's attorney. The plaintiff, in his affidavit, stated—referring to the court: "* * * has a personal bias and prejudice against me and against my attorney, Mr. James G. Whyte, and is therefore disqualified from proceeding further herein;"

The court feels it is proper to quote from the affidavit of prejudice of the plaintiff, which affidavit is approved by the attorney for the plaintiff, alleging that the affidavit is "made in good faith by him". The affidavit, omitting the formal parts and omitting the reasons for delay in filing it, and including the entire comments made upon which the plaintiff bases his right to disqualify the court, states:

"* * * that said prejudice was manifest by the court in certain comments made by the court at the hearing of a second pretrial conference held on October 23rd, 1944, particularly in a statement twice made by the court substantially as follows: 'Counsel, I am astonished that any lawyer would come before any court and make such a statement.' That the court's attitude and bias is shown by the following quotation from the reporter's transcript of the hearing held on Monday, October 23rd, 1944:

"'The Court: Counsel, do you seriously consider the damages you have prayed for should be pleaded by any lawyer, under the statements you have made to the court now, asking for $200,000 damages? How do you explain it?

"'Mr. Whyte: It is our contention that this man has lost the use of one eye in the assault that has been performed on him.

"'The Court: Supposing he has; supposing that is true, can you find a case anywhere in the United States which would award him $100,000? I don't think there has been an award of $100,000 in such a situation.

"'Mr. Whyte: I think there has been award as high as $50,000 for the loss of an eye.

"'The Court: You have asked for $200,000 damages. Do you think it is good practice, counsel, in any court of justice, to plead $100,000 exemplary damages, in a matter of this kind?

"'Mr. Whyte: If the course of conduct of this man is what we think it is, and what we think can be shown, I think it is. This man owns, and we can show he owns some eight or nine—at least seven apartment hotel buildings, and if he has indulged in a course of practice, as he has in regard to this particular tenant, I don't think $100,000 exemplary damages would be out of line.

"'The Court: Counsel, I am astonished that any lawyer would come before any court, and make such a statement. I will hear the other side.'"

It will be noted that the remarks were made at pretrial conference on the 23rd of October, 1944, and that the affidavit of prejudice was filed November 17, 1944. The remarks were directed to the attorney for the plaintiff and not to either party to the action. The statute, Jud.Code § 21, 28 U.S.C.A. § 25, does not include attorneys. It provides that whenever a party to an action or proceeding "* * * shall make and file an affidavit that the judge * * * has a personal bias or prejudice either against him or in favor of any opposite party to the suit * * *." In each instance the statute refers to a party—not to an attorney. Whenever an affidavit of bias or prejudice is filed against a judge, it is the duty of the judge to pass on its sufficiency and, if found insufficient, to strike it from the files. His action is reviewable on appeal. Benedict v. Seiberling, D.C., 17 F.2d 831. The legal sufficiency of the affidavit is the only question before the court and the court cannot pass upon the truth or falsity of the facts alleged therein. Berger v. United States, 41 S.Ct. 230, 255 U.S. 22, 65 L.Ed. 481; Henry v. Speer, 5 Cir., 201 F. 869, 120 C.C.A. 207; Saunders v. Piggly-Wiggly Corp., D.C., 1 F.2d 582; Chafin v. United States, 4 Cir., 5 F.2d 592, certiorari denied, 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407; Lewis v. U. S., 8 Cir., 14 F.2d 369; Nations v. United States, 14 F.2d 507, cer-

420

tiorari denied 273 U.S. 735, 47 S.Ct. 243, 71 L.Ed. 866.

United States v. 16,000 Acres of Land, More or Less, 49 F.Supp. 645. The District Judge remarked to the attorney for the government that he was a "pettifogger" and had been "pettifogging" for two and a half hours, and did not establish personal bias against the United States or against counsel requesting disqualification of the judge. The judge further stated in the same action that it appeared that unfair advantage had been taken of the landowner, that counsel were trying to cover up evidence relating to value of land involved in the condemnation proceedings.

■ The judge owes it to his oath of office and to the litigant who has invoked the jurisdiction of the court over which he regularly presides not to withdraw from the case, however much his personal feelings may incline him to do so. Benedict v. Seiberling, supra. If the affidavit is legally insufficient, the judge should refuse to disqualify himself, or because the litigant prefers some other judge, and should not abandon the position assigned to him by the sovereign unless required so to do by the law, particularly in criminal cases. United States v. Pendergast, D.C., 34 F. Supp. 269. It is the duty of the judge not to permit the use of an affidavit of prejudice as a means to accomplish delay and otherwise embarrass the administration of justice. United States v. Murphy, D.C., 19 F.Supp. 987. A judge, to be disqualified, must have a personal bias or prejudice against a party or in favor of an opposite party, and judicial rulings cannot ordinarily be made the basis of a charge of bias, since any error in such ruling may be corrected on appeal. Ryan v. United States, 8 Cir., 99 F.2d 864, certiorari denied, 1939, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1037, rehearing denied, 1939, 306 U.S. 668, 59 S.Ct. 586, 83 L.Ed. 1063.

The orderly administration of justice requires that affidavits of personal bias or prejudice of a trial judge filed under the statute be strictly construed so as to prevent abuse, and that they state facts showing personal bias or prejudice of the judge against the affiant. Beland v. United States, 117 F.2d 958, certiorari denied 313 U. S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541, rehearing denied 314 U.S. 708, 62 S.Ct. 54, 86 L.Ed. 565.

It is well settled that the affidavit of bias or prejudice filed against a judge must be strictly construed, and the terms of the statute strictly followed. Fieldcrest Dairies v. City of Chicago, D.C., 27 F.Supp. 258.

The court finds the affidavit of prejudice filed by the plaintiff is not sufficient as a matter of law, and the motion to strike it from the files is granted.

Jurisdiction.

■ The plaintiff and the defendant are both citizens and residents of the State of California. In the absence of diversity of citizenship, jurisdiction of the federal court can only be invoked if Congress has conferred jurisdiction upon the court or if the right which the plaintiff claims and seeks to enforce arises under a law of Congress and the interpretation of the law in one manner would sustain his right, while the interpretation of the law in one manner would defeat it. Jurisdiction cannot be affected by waiver or conferred by agreement of the parties. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; West Publishing Co. v. McColgan, 9 Cir., 138 F.2d 320; Williams v. Miller, 48 F. Supp. 277, affirmed 317 U.S. 599, 63 S.Ct. 258, 87 L.Ed. 489. The instant action is one sounding in tort and the District Court is without jurisdiction where diversity of citizenship is lacking and no federal or constitutional question is involved. Thomason v. War Projects Administration, 47 F.Supp. 51, affirmed 138 F.2d 342.

■ Where the state courts have long enjoyed jurisdiction over the subject matter of an action, jurisdiction is not withdrawn by federal statute unless such an intention is distinctly manifested. Elliott v. Steinfeldt, 254 App.Div. 739, 4 N.Y.S.2d 9; followed in Murphy v. Steinfeldt, 254 App. Div. 741, 4 N.Y.S.2d 10; 21 C.J.S., Courts, § 526, p. 800.

■ In order to sustain the jurisdiction of the District Court it is necessary for the complaint to clearly establish that the action arises under the laws of the United States and substantially involves a dispute respecting the validity and construction or effect of the federal statute. Jud.Code § 24(1) (a), 28 U.S.C.A. § 41(1) (a), Malone v. Gardner, 4 Cir., 62 F.2d 15; Johnson v. Thomas, D.C., 16 F.Supp. 1013, 1014: "Suit does not have its origin in laws of United States, so as to confer jurisdiction on federal court, unless it involves a real and substantial controversy respecting validity, construction, or effect

of such laws on which determination of result depends, and such fact must appear by distinct allegations in legal and logical form and cannot rest on inference, argument, or anticipated defense."

The federal courts do not acquire jurisdiction by virtue of a merely colorable claim under a federal statute, nor because a federal statute must be referred to to explain a contract or a local law. St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 8 Cir., 68 F. 2, 15 C.C.A. 167, affirmed 18 S.Ct. 946, 42 L.Ed. 1212. To give jurisdiction to the federal courts, where diversity of citizenship does not exist, there must be a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect. Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co., 252 U.S. 388, 40 S. Ct. 404, 64 L.Ed. 626; Phillips v. Pucci, D. C., 43 F.Supp. 253; Jud.Code §§ 24(1) (a), 28, 28 U.S.C.A. § 41(1) (a), 71; Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, reversing 5 Cir., 81 F.2d 502, certiorari granted 56 S.Ct. 939, 298 U.S. 650, 80 L.Ed. 1378; Marshall v. Desert Properties Co., 103 F.2d 551, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473; 28 U.S.C.A. § 41(1) (a); Malone v. Gardner, 4 Cir., 62 F.2d 15; Manhattan Ry. Co. v. City of New York, 18 F. 195; Gustason v. California Trust Co., 73 F.2d 765, certiorari denied 296 U.S. 607, 56 S.Ct. 123, 80 L.Ed. 430; Gully v. First Nat. Bank, 5 Cir., 81 F.2d 502, certiorari granted, 298 U.S. 650, 56 S.Ct. 939, 80 L.Ed. 1378, and reversed 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

The plaintiff cites Carter v. Bramlett, D.C., 51 F.Supp. 547; 148 A.L.R. 1409. In this action the plaintiff sued for damages alleged to have been suffered by her as the result of forcible removal of herself and her furnishings from her apartment. She alleged that "the defendants, without just cause or provocation and without compliance with the existing rules and regulations of the O. P. A. governing under the Emergency Price Control Act of 1943, 50 U.S.C.A.Appendix § 901 et seq., and the minimum rent regulations pertaining thereto governing the area of Dallas, Dallas County, Texas, did institute eviction proceedings against the plaintiff." Also, that the writ of possession was issued contrary to the Emergency Price Control Act. The District Court assumed jurisdiction. It is clear from the opinion of the court that to determine the issue it was necessary to construe not only the federal statute, but also the regulations issued thereunder with reference to proper notice and other questions. One interpretation would defeat the plaintiff, while another interpretation of the Act would permit the plaintiff to prevail in the action. The opinion is clearly consistent with the decisions cited in this opinion. In the complaint before this court there was no eviction. The facts which, if established, would make out an action in tort, would be triable in the State courts without any reference to the federal statute referred to in the complaint. The plaintiff's attorney, in his brief, very frankly states the question as follows: "The terms of the Emergency Price Control Act of 1942 do not seem particularly helpful. The Act neither affirms nor denies the right to maintain this type of case. Section 205, subsections (a) to (f) inclusive [50 U.S.C.A.Appendix § 925(a to f)], deal with enforcement. Subsection (e) grants to individuals a particular form of remedy for violation. The other sub-sections cover enforcement rights granted the price administrator. Nowhere is it stated that these enforcement provisions are exclusive, nor that an individual's remedy is limited to that particular type of remedy specified in subsection (e)".

The plaintiff filed his brief on the jurisdictional question on Nov. 8, 1944, and filed his affidavit of prejudice on Nov. 17, 1944.

It is clear from the authorities cited that this court has no jurisdiction.

The action is dismissed.

Exception allowed to the plaintiff.