### UNITED STATES v. FOSTER et al.
### (two cases).*

United States District Court
S. D. New York.

Nov. 5, 1948.

See also 80 F.Supp. 479; 81 F.Supp. 281.

John F. X. McGohey, U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., and Frank H. Gordon, Sp. Asst. to U. S. Atty., both of New York City and Irving S. Shapiro, Sp. Asst. to U. S. Atty., of Washington, D. C., Edward C. Wallace,. Sp. Asst. to Atty. Gen., and Lawrence K. Bailey, Atty., Department of Justice, of Washington, D. C., of counsel), for the Government.

Unger, Freedman & Fleischer, of New York City (Abraham Unger, of New York City, of counsel), for all defendants except Gates, Dennis and Williamson.

Harry Sacher, of New York City, for defendant John Gates.

Abraham J. Isserman, of New York City, for defendant John B. Williamson,

Louis F. McCabe, of Philadelphia, Pa., for defendant Eugene Dennis.

MEDINA, District Judge.

The affidavit of bias or prejudice herein is stricken. It does not meet the requirements of 28 U.S.C.A. § 144 and is insufficient on its face. The colloquy between the Court and counsel had to do with the importance and character of questions of law relating to the sufficiency of the indictment and the time to be allowed by. way of continuance in order that counsel might adequately prepare for the presentation of his points in due course. This discussion was necessarily based upon the assumption that the facts as alleged in the indictment were true. The comments appearing in the excerpts contained in the affidavit show clearly on their face that they were intended and were in fact observations by way of purely legal argument; and this appears still more clearly in the entire colloquy which is hereby made a part of this opinion.[1]

There was no intention on my part to, express any opinion whatsoever on the guilt or innocence of the defendants or any of them. I had given the case no consideration whatsoever prior to the time that the application for an enlargement of time within which to make motions came before me on the occasion referred to. I have not now nor have I ever had any thoughts.

---

* Mandamus denied by the Court of Appeals of the Second Circuit Nov. 12, 1948. See 170 F.2d 632.

[1] Writ of mandamus denied by Court of Appeals, Second Circuit, 170 F.2d 632, certiorari denied 69 S.Ct. —.

or opinions relative to the facts of the case.

Had I been conscious of any personal bias or prejudice against the defendants or any of them I would, without waiting for any suggestion by counsel or the filing of any affidavit, have disqualified myself when the case first came before me. I have never understood that discussion of the law applicable to a case formed a basis for recusation.