**CLIFFORD W. L. CALLWOOD, Petitioner**

v.

**ELSE E. CALLWOOD, Respondent**

## Civil No. 37 - 1954
## District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

## September 25, 1954

*See, also, 127 F. Supp. 179 (same opinion), also other cases in this volume.*

JOHN L. PHILIPS, JR., St. Thomas, Virgin Islands, *for petitioner*

DUDLEY, HOFFMAN AND MCGOWAN, St. Thomas, Virgin Islands (GEO. H. T. DUDLEY, of counsel), *for respondent*

MOORE, *Judge*

This is an opinion and order ruling upon plaintiff's motion filed September 17, 1954, moving the Court for its disqualification under Title 28, section 144 of the Judicial Code of the United States on the grounds of prejudice against the plaintiff herein. The said motion is accompanied by an "Affidavit of Prejudice" executed by the plaintiff herein and dated on the same day. For the purpose of this ruling we will not go into the truth or falsity of the matters alleged in the affidavit.

### Section 144, Title 28, Not Applicable to the District Court of the Virgin Islands

Most sections of Title 28 referring to District Courts are applicable to Constitutional Courts of the United States only, and are not applicable to the Virgin Islands and other federal territorial courts created by Congress. Such sections as are now applicable to the various territorial courts have been specifically made applicable.

■ Section 144 applies only to proceedings in a "District Court" as do other sections in the Judicial Code. We, therefore, refer to section 451 of the same code for its definition of "District Courts" as it is used in Title 28.

This section reads as follows: "Definitions as used in this title. . . . The terms 'district court' and 'district court of the United States' mean the courts constituted by chapter 5 of this title."

We next refer to chapter 5 and find that the District Court of the Virgin Islands is specifically not included in chapter 5 of this Title, as are also not included the other territorial district courts of Alaska, Canal Zone and Guam. Specifically included in chapter 5 are the district courts of Hawaii and Puerto Rico, to which the term "District Courts" as used in Title 28 is made specifically applicable. Referring also to section 460 of Title 28, we find the specific portions of the code which are made applicable to the Virgin Islands and the other territorial courts, which section reads as follows:

"§ 460. Application to Alaska, Canal Zone, Guam and Virgin Islands. Sections 452-459 of this chapter shall also apply to the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam and the District Court of the Virgin Islands and the judges thereof."

Thus we find that the courts of Hawaii and Puerto Rico are specifically included in the code definition of "District Courts" as used in section 144 and that the courts of the Virgin Islands, Alaska, Canal Zone and Guam are specifically excluded from the definition of "District Court" as used in section 144.

The district courts of Hawaii and Puerto Rico were also formerly not included in the meaning of "District Court" as used in the Judicial Code, Title 28. However, upon the recodification and revision of the Judicial Code in 1949

and 1950, it was decided to place the courts of Hawaii and Puerto Rico on the same basis as far as the code was concerned as United States constitutional courts because their jurisdiction is exclusively federal and because of their size and volume of work, and to leave the district courts of Alaska, Canal Zone, Guam and the Virgin Islands as federal territorial courts excluded from chapter 5 of Title 28.

The two sets of federal courts have long been distinguished as constitutional courts of the United States and legislative courts in the territories created by act of Congress, and thus the words "District Court" as used throughout Title 28 have been clearly defined in section 451 to mean only the former, except where such provisions have been made specifically applicable to the latter.

While the inapplicability of this section to the Virgin Islands is clear, we cite from the annotated code in the annotations under section 144 on page 409 as follows: "A territorial court is not within the purview of this section, which is applicable only to the district courts of the United States and does not extend to the United States District Court for Alaska." Tjosevig v. U.S., 9 Cir., 255 F.5, 6. In the case just mentioned, the circuit court of appeals held "That statute is by its terms made applicable only to the District Courts of the United States, and it does not extend to a territorial court." That case went to the circuit court on appeal from a contempt conviction of Christian Tjosevig, and Martin J. Lund, arising out of an affidavit filed in a territorial court under this section. The court of appeals said: "It is not charged that the affidavit contained matter that was false. The plaintiffs in their answer alleged that the motion and affidavit were made in good faith and upon the honest belief that they were necessary for the protection of the rights of the defendants in the action."

The court therefore reversed the conviction of contempt although holding the section inapplicable to a territorial court in the language quoted above.

■ We next note that the revised Organic Act of the Virgin Islands provides in section 25 as follows: "The rules of practice and procedure heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28, United State Code, in civil cases, section 2073 of Title 28, United States Code, in admiralty cases, and section 30 of the Bankruptcy Act in bankruptcy cases, shall apply to the District Court of the Virgin Islands and to appeals therefrom." (Revised Organic Act of 1954, § 25, prec. 1 V.I.C.). 48 U.S.C. § 1615. The rules of civil procedure as promulgated by the supreme court consists of rule 1 to rule 86 with reference to trial procedure. They change no United States Code provisions and contain no change of the applicability of the United States Code to territorial courts. There is nothing in these 86 rules at all with reference to territorial courts, or with reference to section 144, or the applicability of this or other sections of the code which are still inapplicable to the territorial courts. These rules were already applicable here, having been made so by order of this court. Consequently, while the 86 rules of the supreme court are now the rules of trial procedure to be followed in the trial of cases in the District Court of the Virgin Islands, this section of the Organic Act obviously did not make the District Court of the Virgin Islands a "district court" or "district court of the United States", within the meaning of the Judicial Code along with the courts enumerated in chapter 5 of the code.

■ The safeguard provided for litigants in the Virgin Islands is that appeal cases are tried by the court of appeals de novo, and no findings of the District Court of the

Virgin Islands upon the evidence are binding upon litigants upon appeal.

## Plaintiff's Motion and Affidavit for Disqualification Untimely and Insufficient.

The plaintiff in this case has been a litigant in several cases before this court, as stated in his affidavit; the first of which was as an intervenor in the case of Else E. Callwood v. Osmond Kean, Civil No. 179 - 1949, 2 V.I. 141.

After a full hearing of that case, this court in its judgment decided against his claim as an intervenor in the matter. The case was appealed to the Third Circuit Court of Appeals, 2 V.I. 526, 189 F.2d 565, and this court's judgment against his claim was sustained.

The second was the case of Callwood v. Virgin Islands National Bank, D.C., 3 V.I. 3, 121 F. Supp. 379, which case this court decided against the plaintiff's contention and, as stated in his affidavit, this court in its opinion stated that it believed him guilty of fraud. This case and its complete record and the court's opinion is now pending on appeal in the Third Circuit Court of Appeals.*

The next case was a suit filed by this plaintiff on November 12, 1953, which was voluntarily dismissed by him on November 23, 1953. There were no findings or written opinion in that case.

The present case was filed on March 1, 1954; was called on the docket on June 14, 1954, and set for trial at the September term of court. Upon the return of the court from vacation and attendance at the Judicial Conference, the defendant herein filed a motion for a temporary restraining order against the plaintiff and served notice upon him of that motion. Hearing upon the same was set for September 17, 1954, at which time both the plaintiff and the defendant in this suit were present with their respec-

*Judgment in that case vacated and cause remanded with directions, see 3 V.I. 540 — Editors.

tive attorneys and both testified, and the court conducted a full hearing upon the said motion. At the conclusion of the testimony participated in fully by both parties, this court decided that equity required, not only that plaintiff be restrained, but that both parties should be temporarily restrained from the collection of rents until the matter could be determined upon the merits.

■ However, the plaintiff in this case had not asked for a temporary restraining order against the defendant, but the court allowed the plaintiff in this case to file an answer to defendant's petition and therein to ask for a restraining order against the defendant. This first hearing was had at 11:00 o'clock A.M. on September 17, 1954. It was continued until 3:00 o'clock P.M. of the same day, to allow the plaintiff in this case to file the petition mentioned above. At 3:00 o'clock P.M., plaintiff and his attorney returned with the petition which was duly filed and after objections on the part of the defendant's lawyer, the court held plaintiff's petition to be sufficient. Plaintiff's lawyer then submitted to the court a draft of order restraining the defendant alone from the collection of rents. The question was argued by both sides and the court being of the opinion that neither should collect the rents pending decision of the case on the merits, then dictated to the court reporter an order temporarily restraining both parties from the collection of rents until the merits of the case could be determined; ordered the rents collected by a neutral party and paid into court, and announced that it would set the trial for as early a date as possible after the call of the docket. The order entered by the court at that time was as follows:

"This matter having come on to be heard and the plaintiff being present in person and represented by counsel, John Phillips, Esquire, and the defendant being present in person and represented by Dudley, Hoffman, and McGowan, Geo. H. T. Dudley, Esquire,

of counsel, and the Court having read the petition and the Answer and Counter-Claim; and having heard the evidence of both parties, and the court having found that equity requires that neither party be allowed to collect the rents from the properties involved until the rights of each are determined in the law suit; it is therefore

"Ordered, Adjudged and Decreed that both the plaintiff and the defendant are hereby restrained from the collecting of rents from the properties involved, or from in any way interfering with the collecting of the said rents by the person designated by this Court to collect the same until the rights of the parties can be determined.

"It is further ordered, adjudged and decreed that Mr. John Harris is hereby designated as the agent to collect the rents from the said properties commencing September 1, 1954, and to deposit the same with the Clerk of this Court to be held in escrow pending the determination as to which of the two litigants is entitled to the same.

"In Testimony Whereof, I have hereunto set my hand and caused the Seal of the Court to be affixed this 17th day of September, 1954.

"/s/ Herman E. Moore<br>
"Judge."

Whereupon, after the court's dictation of the said order restraining both parties, plaintiff and his lawyer asked to be excused for reason of very pressing business and did not wait until the court reporter could finish drafting the order for the court to sign. This was approximately 3:30 P.M., and upon leaving, plaintiff's attorney asked the court if it would be in its office until 5:00 P.M. Whereupon, plaintiff and his attorney left the courtroom and just before 5:00 P.M. returned with the motion and affidavit for disqualification of the judge. At the time the plaintiff and his lawyer testified and participated in the hearing of the matter of a temporary injunction on September 17, 1954, all of the allegations contained in the affidavit (if considered as true, as we must for this hearing), were then known to both of them during the entire participation in the

68

hearing, and for at least three months prior thereto, and yet at this hearing no mention or intimation of anything amiss was indicated, and this motion was not made until after the plaintiff failed in his effort to have the temporary injunction apply to the defendant alone and not to both.

We note that allegation No. 14 in plaintiff's affidavit refers to a statement of the judge made in court on June 14, 1954, more than three months before the motion and affidavit was filed on September 17, 1954. In this connection we also note that every other allegation in the affidavit refers to dates prior to June 14, 1954, and that on September 17, 1954, the plaintiff testified and participated fully in the injunction hearing in this case. While the truth or falsity of the affidavit is not considered in this ruling, the record of the court's action at the hearing of September 17, 1954 is totally inconsistent with the truth of that allegation in the affidavit, for plaintiff not only secured a restraining order against the defendant herein, but it was at the court's suggestion that he filed his petition asking for it, so that the court could grant it. This motion and affidavit was only filed after the plaintiff was unsuccessful in getting himself eliminated from the order which the court entered restraining both the plaintiff and the defendant from the collection of rents until the legality of the instrument could be determined.

■ Further, everything stated in plaintiff's affidavit is either a ruling or opinion of the court rendered in some litigation. The affidavit of the plaintiff herein alleges not one single matter of "personal" prejudice, as well it cannot, because this court has never had the slightest social, financial, business, or other contacts of any kind whatsoever with either the plaintiff or the defendant in this case from which any "personal" prejudice whatsoever could have arisen.

The following citations from the annotations in United

69

States Code under section 144 of Title 28 give a résumé of decisions showing some of the requisites for timeliness and sufficiency of an affidavit made under this section, as follows:

This section is "not intended to enable a discontented litigant to oust a judge because of adverse rulings made, since such rulings are reviewable otherwise." Refior v. Lansing Drop Forge Co., 6 Cir., 1942, 124 F.2d 440, certiorari denied, 316 U.S. 671, 62 S. Ct. 1047, 88 L. Ed. 1746.

It is "not intended to enable a litigant to paralyze the action of a judge who has heard the case, *or a question in it* [emphasis ours], by the interposition of a motion to disqualify him." In re Beecher, D.C. Wash. 1943, 50 F. Supp. 530.

"Judge has duty to remain in case when showing for recusation is insufficient." Eisler v. U. S., 1948, 83 U.S. App. D.C. 315, 170 F.2d 273.

"On filing of affidavit of personal prejudice, it is duty of district judge to determine legal sufficiency of affidavit, and if it is insufficient, to refuse to disqualify himself." U. S. v. 16,000 Acres of Land, More or Less, in LaBette County, Kan., D.C. Kan. 1942, 49 F. Supp. 645.

"A judge should not permit the use of affidavit of prejudice as a means to accomplish delay and otherwise embarrass administration of justice." Sanders v. Allen, D.C. Cal. 1944, 58 F. Supp. 417.

"The 'bias' or 'prejudice' which can be urged against a judge must be based upon something other than rulings in the case." Walker v. U. S., 9 Cir., 1940, 116 F.2d 458. See, also, Ryan v. U. S., 8 Cir., 1939, 99 F.2d 864; certiorari denied, 306 U. S. 635, 59 S. Ct. 484, 83 L. Ed. 1037, rehearing denied, 306 U.S. 668, 59 S. Ct. 586, 83 L. Ed. 1063; Morse v. Lewis, 4 Cir., 1932, 54 F. 2d 1027, certiorari denied 286 U.S. 557, 52 S. Ct. 640, 76 L. Ed. 1291; Cuddy v. Otis, 8 Cir., 1929, 33 F.2d 577; Craven v. U. S., 1 Cir., 1927, 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S. Ct. 321, 72 L. Ed. 739; U. S. v. Lowery, D.C. Pa. 1948, 77 F. Supp. 301, affirmed, 172 F.2d 226; Allen v. duPont, D.C. Del. 1948, 75 F. Supp. 546; Sanders v. Allen, D.C. Cal. 1944, 58 F. Supp. 417.

"In the absence of a statute, a challenge to a judge for bias and prejudice must be made at the first opportunity after dis-

covery of facts tending to prove disqualification." Chafin v. U. S., 4 Cir., 1925, 5 F.2d 592, certiorari denied, 269 U.S. 552, 46 S. Ct. 18, 70 L. Ed. 407.

"In proceeding on general creditor's bill, an application that District Judge be recused was properly denied where the material facts alleged had been known to the affiant some 30 days before filing of application and during the time that debtor had knowledge of such facts, it was frequently in court invoking affirmative action, and did not file application until it learned that court was about to confirm sale." Tennessee Pub. Co. v. Carpenter, 6 Cir., 1938, 100 F.2d 728, certiorari denied, 306 U.S. 659, 59 S. Ct. 775, 83 L.Ed. 1056.

"The filing of party's affidavit of trial judge's disqualification about two months after introduction of testimony during which judge's bias and prejudice against affiant became apparent according to affidavit was too late." Scott v. Beams, 10 Cir., 1941, 122 F.2d 777, certiorari denied, 315 U.S. 809, 62 S. Ct. 794, 795, 799, 86 L. Ed. 1209.

"Where plaintiff's affidavit of prejudice by district judge was not filed until after district court had overruled plaintiff's motion for a continuance and after plaintiff had filed a motion to vacate final decree dismissing bill, and reasons assigned for alleged prejudice consisted of rulings on motion and judge's refusal to set aside decree, and rulings were subject to review by Circuit Court of Appeals, the application to recuse was not 'timely' and granting defendants' motion to strike out the affidavit was not error." Refior v. Lansing Drop Forge Co., 6 Cir., 1942, 124 F.2d 440, certiorari denied, 316 U.S. 671, 62 S. Ct. 1047, 86 L.Ed. 1746.

"Under this section, the bias and prejudice alleged must be personal in nature, and judge cannot be disqualified solely on basis of bias against wrongdoer acquired from evidence presented in course of judicial proceedings before him." U. S. v. Gilbert, D.C. Ohio 1939, 29 F. Supp. 507. See, also Minnesota and Ontario Paper Co. v. Molyneaux, 8 Cir., 1934, 70 F.2d 545; Parker v. New England Oil Corporation, 1 Cir., 1925, 13 F.2d 497; U. S. v. 16,000 Acres of Land, More or Less, in LaBette County, Kan., D.C. Kan. 1942, 49 F. Supp. 645.

"Discussion of law applicable to a case is not a basis for recusation." U. S. v. Foster, D.C. N.Y. 1948, 81 F. Supp. 280.

"Definite views of the law, adverse rulings in case on trial, or adverse rulings in other cases or in cases involving similar

facts, are not such 'bias or prejudice' as will disqualify judge under this section, even in criminal prosecution." Cole v. Loew's Inc., D.C. Cal. 1948, 76 F. Supp. 872.

" 'Personal bias', as a prerequisite to disqualification of a judge, is an attitude of extra judicial origin." Ferrari v. U. S., 9 Cir., 1948, 169 F.2d 353.

" 'Prejudice,' to require recusation, must be personal according to terms of this section, and impersonal prejudice resulting from a judge's background or experience is not within this section. [Eisler v. United States, 83 U.S. App. D.C. 315, 170 F.2d 273.]" (Annotation on page 415.)

"An affidavit of prejudice of a District Judge, which failed to set forth any facts or conclusions from which it could be determined that the District Judge had a 'personal' bias or prejudice against the party or in favor of any opposite party, as required by this section was insufficient." In re Beecher, D.C. Wash. 1943, 50 F. Supp. 530, 54 Am. Bankr. Rep. (n.s.) 156.

"Affidavit of bias and prejudice which contained no intimation of personal acquaintance between affiant and judge, no suggestion of speech or conduct from which bias or prejudice on part of judge might be inferred and which was based solely on failure of judge to make a ruling in affiant's favor on a question of law was insufficient. [Allen v. DuPont, D.C. Del. 1948, 75 F. Supp. 546.]" (Annotation on page 416.)

". . . Owing to the nature of the statute and its liability to abuse, we are inclined to hold those seeking to avail themselves of it to a strict and full compliance with its provisions. The affidavit filed below illustrates the necessity for such compliance. Its perusal reveals the facts and reasons advanced in support of the charge of bias and prejudice do not tend to show the existence of a personal bias or prejudice on the part of the judge toward petitioner but rather a prejudgment of the merits of the controversy and ' "against deponent's rights to recover." Section 21 is not intended to afford relief against this situation.' " Henry v. Speer, 5 Cir., 1913, 201 Fed. 869, 120 C.C.A. 207.

In view of all of the above this court is of the opinion that section 144 of Title 28 is not applicable to the District Court of the Virgin Islands. This court is further of the opinion that even if this section were applicable to

the District Court of the Virgin Islands, that the affidavit filed herein in support of the said motion is both untimely and insufficient. Thus, while this court would willingly follow the spirit of section 144 as far as law permits, the untimeliness and insufficiency of the affidavit make it the duty of the court to deny the motion.

The motion must therefore be denied and it is so ordered.