**IN THE MATTER**
**OF**
**ELSE E. CALLWOOD**

Misc. No. 17 - 1954
District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

October 14, 1954

*See, also, other cases in this volume, and 2 V.I. 141, 526*

## MOORE, *Judge*

There has been filed before me this petition for approval of the allowance to the life tenant herein under the provisions of the Will, the sum of Two Thousand ($2,000.00) dollars, to be paid out of securities held in the estate, to wit: a Twelve Thousand ($12,000.00) dollars mortgage in the estate.

The Court must state, at the outset, that it is not sure whether or not, under the provisions of the Will, the guardian who has given his consent, even needs to obtain any consent from the Court, or whether the guardian herein has the power to make such decision as he sees fit without the approval of the Court, but the Court can well see the guardian's point of view, who has consented to this, that he would also like to have the approval of the Court on it.

██ It is the opinion of the Court that the original guardians appointed in this estate would not have to file any petition in court upon giving their consent, but it has been argued that since those guardians are deceased, and that guardianship failed, it was up to this court to appoint a guardian in their stead as affirmed by the Court of Appeals. It has been further argued that the guardian appointed by this court serves under the Court and, therefore, wants to have the approval of the Court to his consent. Consequently, the Court is (for that reason) passing upon this petition.

██ The testator's will provided for disbursement by the life tenant in case of "unforeseen events." I want to make it clear that the Court does not consider the overspending of the income as "unforeseen events." If the income from these properties is, for instance, four hun-

dred ($400.00) dollars a month, the life tenant is expected to live within that income; and the fact that the life tenant does not live within that income is not, in the opinion of the Court, an "unforeseen event," and the life tenant is not justified in asking more because she has run up her living expenses in excess of the income from the life estate. However, this case seems to present a different situation, for here there is unforeseen litigation involved, and it is the opinion of this court that the testator did not foresee or anticipate extended litigation which might tie up the income from these properties as has been done, particularly by reason of this court's injunction restraining her in Case No. 37 - 1954, from the collection of rents from nine of the said properties. The rent from these nine properties amounts to the sum of $364.55 per month. Therefore, it seems to this court that the amount to be expended in connection with that lawsuit is an "unforeseen event."

The petitioner has asked for the sum of two thousand ($2,000.00) dollars; $238.59 of which is to be paid to the Crown Bay Hotel where she lives to cover monies which she owes to the hotel by reason of being restrained from the collection of those rentals; $750.00 is asked for attorney's fees for the purpose of having her attorney (in addition to representing her in that suit) request and, if possible, obtain prompt determination of the appeal in Civil No. 37 - 1954 (3 V.I. 61), in which the said $364.55 per month is under injunction until the merits of this case can be determined; that obtaining proper determination of the said appeal will involve a trip to Philadelphia to appeal to the Court of Appeals to give a decision in this matter promptly in order that Civil No. 37-1954 may be disposed of.

As a consequence, it is the opinion of this court that the $750.00 for attorney's fees should be allowed; that

the $238.59 which she now owes and the difference of $125.96 should be paid to her or, a total of $364.55; that the balance should be paid to her at the rate of $364.55 per month. Beginning October 31st and each month thereafter, until the matter is determined in Case No. 37-1954; the total of which is not to exceed two thousand ($2,000.00) dollars as stated in the petition; and since this has been approved by the guardian in his affidavit that the funds should be withdrawn for that purpose, the Court therefore gives its approval to the said withdrawal.

■ Also, considering the interests of the remainderman in this consent by the guardian, it seems to the Court that this particular consent can be no disadvantage to him for, not only is it justified under the will but, in addition, if the remainderman prevails in his suit Civil No. 37 - 1954, in having the nine properties declared his outright, then the remainder of the estate would be hers outright and she would therefore be drawing two thousand ($2,000.00) dollars out of the remainder which would be her outright property.

It has been represented to the Court that an order is necessary to effectuate the same. Such order may be drawn for the Court to enter.