**CHARLES JOSEPH, Plaintiff**

**v.**

**ZINKE–SMITH, INC., Defendant**

Civil No. 207-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1967

JOHN W. NEWMAN, *for plaintiff*

MAAS, IRELAND & BRUNO, (Thomas D. Ireland of Counsel), *for defendant*

HOFFMAN, *Municipal Judge*

### MEMORANDUM OPINION

A "Motion for Change of Judge" filed August 11, 1967, by counsel for plaintiff was brought on for hearing before this Court at Part II, on August 14, 1967. Counsel for both parties appeared and advised the Court that they had no new matter to present. The motion was taken under advisement on the affidavit of plaintiff's counsel and the reply memorandum of defendant.

The motion is presumably brought under 4 V.I.C. § 284(4) which provides that no judge shall sit or act in any action or proceeding:

"When it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him."

The bias and prejudice alleged by counsel is contained in his affidavit dated August 11, 1967. No affidavit by his client is submitted. The alleged prejudice is not toward the client, but toward counsel personally, and consists of the following factors which the Court summarizes from counsel's affidavit:

1) Counsel complains of the Court's quoting of a passage from Shapiro v. Freeman, 38 F.R.D. 308, 310, in the

denying of plaintiff's motion to quash the taking of a deposition in the instant case.

2) Counsel alleges that four months ago the Court announced a recess in a civil matter and addressed its announcement to opposing counsel—a Virgin Islands' Senator—which left counsel with the feeling "that his presence in the Court presided over by the said judge was non-existent."

3) Counsel states that the Court "abruptly and in a manner of voice which cannot be recorded in the notes of the Court Reporter" told counsel to sit down "merely because Deponent was on that occasion attempting to ascertain whether or not he was 'Ready' by inquiring audibly in the courtroom whether his witnesses were present."

4) Counsel suggests generally that the Court's manner and tone toward him is one of hostility.

5) Counsel cites further that the Court "appears to take umbrage at occasional dialogue" between counsel and other attorneys before the bar and has directed counsel to instead address the Court. He further complains that "some eminent members of the bar engage in cross-exchanges without a murmur from the bench. When Deponent does it, let Deponent beware!"

6) Counsel also objects in the present motion, referring to other cases in which he has appeared, to the Court, *sua sponte*, asking counsel to submit memoranda of law on points involved in such cases.

7) Finally, counsel objects to the Court's refusing to accept for judgment certain documents presented by counsel in another case before the Court, which in the Court's opinion were legally insufficient, without allowing counsel an opportunity for argument.

The Court has no desire to engage in a refutation or lengthy discussion of the points raised by counsel and those which counsel has raised on previous occasions which the

221

Court will resolve in due course. The Court is aware of its responsibilities under 4 V.I.C. § 286, and has had the opportunity to examine a number of cases decided under 28 U.S.C. 460, which provision, while not applicable to the Virgin Islands (3 V.I. 61), has still given rise to decisions which are highly persuasive.

The Court takes counsel's position to be simply this: That the Court, because of its alleged attitude toward counsel, will be unable in the instant case, to reach a fair and impartial decision on the facts presented, but will instead be influenced in its decision on matters wholly extraneous to the issues and law involved.

■ The Court views the objections expressed by counsel in points 1, 6, and 7, as entirely without merit. If counsel is unsatisfied with the Court's ruling on matters of law, or the Court's requests for authority on action counsel requests the Court to take, he may take an appeal from any ruling he considers adverse.

■ That this Court has an opinion as to the scope and operation of Rule 26 of the Federal Rules of Civil Procedure, 3 V.I.C. § 777, and the Canons of Professional Ethics, is not a sufficient basis for a charge of personal bias or prejudice toward counsel.

■ Futhermore, that this Court objects to discourse between counsel, or among counsel and his witnesses, in open court and upon the trial of a matter, is likewise an objection without merit. Thus, counsel's charges in points 3, 4, and 5, go merely to the Court's desire to maintain order and dignity in the Courtroom. Counsel's open conversation with his witnesses and fellow members of the bar, in which counsel admits he has engaged, detract measurably from this necessary decorum; this is especially true in a crowded, hot, and undersized courtroom. Whether the Court has failed to reprimand other counsel guilty of similar breaches of etiquette is immaterial, al-

though the Court will note that it has on occasion required other attorneys to conform to the same proper and dignified mode of conduct which the Court requests of counsel, and on which he now bases a charge of personal bias and prejudice.

■ ■ As to point 2. The Court does not recall the incident in question. The Court does not feel, however, that its addressing the announcement of a recess to only one of two attorneys trying a lawsuit manifests sufficient personal bias or prejudice toward the other, as counsel now charges, to disqualify the Court from hearing the instant case. As the Supreme Court has announced:

"The basis of the disqualification is that 'personal bias or prejudice' exists by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but the facts and reasons which tend to show personal bias or prejudice. It was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his further action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case or a question in it, by the interposition of a motion to disqualify him." (Ex Parte American Steel Barrel Co., 230 U.S. 35.)

Here, counsel has gone back four months and brought into the record actions and decisions of this Court in matters not at all related to the instant case. Counsel apparently feels that this is necessary in order to show personal bias toward him by the Court. Suffice it to say that the Court finds the points raised by counsel to be legally insufficient to establish a claim of personal bias or prejudice.

This Court has required, and will continue to require that *all* attorneys try their cases consonant with the applicable rules of law, and conduct themselves in the court-

223

room in keeping with the dignity of the tribunal. Counsel's charges, both legally and in the conscience of the Court, do not make out a case of bias or prejudice within the purview of 4 V.I.C. § 284, and counsel's motion is, therefore, DENIED.