Elizabeth Ann **GALLAGHER,** for herself and others similarly situated, Plaintiff,

v.

**ALITALIA–LINEE AEREE ITALIANE,** S.p.A., Defendant.

No. 71 Civ. 2742.

United States District Court, S. D. New York.

July 25, 1973.

---

Lofrisco Gallagher & Kenny, New York City, for petitioner.

Condon & Forsyth, New York City, for defendant.

## MEMORANDUM

STEWART, District Judge:

This is a class action brought by plaintiff Elizabeth Ann Gallagher on behalf of herself and approximately 5,000 others who are alleged to have been discriminated against by the 1971 transatlantic Youth Fare filed by defendant Alitalia with the Civil Aeronautics Board (CAB).

Plaintiff claims damages in the amount of $1,500,000 or such sum which equals the difference between the compensation charged and received by Alitalia from plaintiff's class and the compensation charged and received by Alitalia from persons aged 12 years through 25 years for the aforesaid air transportation.

This case is now before this Court on defendant's motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. The following facts appear from the parties' moving papers and affidavits.

Alitalia's transatlantic youth fare tariff was filed with the CAB on June 14, 1971, and automatically became effective on July 14, 1971, 30 days after filing, pursuant to section 403(c) of the Federal Aviation Act, 49 U.S.C. § 1373(c). A request by Alitalia that the tariff become effective immediately upon filing was rejected by the CAB. Nevertheless, pending further request to the Board, Alitalia continued to sell tickets under the youth fare tariff prior to its effective date, which it did in accordance with a directive of the government of Italy. The CAB commenced a proceeding to enjoin Alitalia from further sales of youth fare tickets prior to July 14, 1971, the effective date of the tariff. As a result of that proceeding and after receiving a further directive from the government of Italy, Alitalia agreed to forego further sales of tickets for travel prior to July 14, 1971.

Thereafter, the CAB initiated an Enforcement Proceeding against Alitalia to recover civil penalties for its premature sale of tickets. This matter was settled between Alitalia and the CAB by order to cease and desist.

On September 1, 1971, the CAB instituted an investigation to determine whether the transatlantic youth fares are unjustly discriminatory, unduly preferential, or unduly prejudicial. At the time this action was commenced, no determination had been made by the CAB.

Defendant now moves to dismiss this action contending (1) that the CAB has primary jurisdiction over all claims that

a filed tariff is unduly discriminatory; (2) that even though defendant applied its youth fare tariff prematurely it did so equally to all those to whom the tariff applied and thus no violation of section 404(b) of the act occurred; and (3) that in any event plaintiff acquires no private right to damages from defendant's violation of the tariff filing provisions of the act.

We must initially point out that the complaint is in certain respects defective. Paragraph 15 as it is now framed suggests that the CAB, pursuant to section 403 of the Federal Aviation Act, rejected Alitalia's filed tariff, thereby declaring the tariff to be void. As indicated by both parties' affidavits and memoranda the CAB merely rejected Alitalia's request that its tariff become effective immediately upon filing. Judge Gurfein has noted in Danna v. Air France, 334 F.Supp. 52 (S.D.N.Y.1971) that the CAB is powerless to refuse to accept the filing of a tariff for foreign air transportation provided the filing is formally proper.

■ Additionally, if plaintiff alleged solely that Alitalia's filed tariffs are either unreasonable in amount or unduly discriminatory, the Court of Appeals in Danna v. Air France, 463 F.2d 407 (2d Cir. 1972), would be controlling and we would be compelled to dismiss the complaint for failure to state a cause of action. To the extent that plaintiff does make these allegations (see paragraphs 7–14 of the complaint) the complaint is defective.

■ Nevertheless, the thrust of plaintiff's contention, as indicated in her moving papers, is that by selling youth fare tickets prior to July 14, 1971, the effective date of the tariff, Alitalia violated its then effective tariff and in so doing discriminated against plaintiff.

In *Danna, supra,* the Court of Appeals carefully distinguished between claims that filed rates are unreasonable or unduly discriminatory, which claims must be referred to the CAB, and claims that a filed tariff, although fair on its face, has been unequally or prejudicially applied, which claims present a question of fact which is proper for a court to determine. 463 F.2d at 410–412.

Defendant contends that because plaintiff cannot show that the full fare tariff of # 707 was applied to her but not to others of her class; i. e., persons over the age of 25, the complaint must be dismissed, the rationale being that "the application of defendant's filed and effective full fare tariff equally to all those to whom it is applicable cannot constitute a violation of section 404(b) of the Act". Reply Brief at 5.

The simple fact is that if Alitalia sold approximately 2,400 youth fare tickets in June of 1971, prior to the effective date of its filed youth fare tariff, Alitalia was not applying an effective tariff at all, but was acting in clear violation of the tariff filing provisions of the Federal Aviation Act. Section 403, 49 U.S.C. § 1373. It has been held that where an air carrier is guilty of a discriminatory departure from regulations, a private person can sue and recover damages. *See, e. g.* Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499 (2d Cir. 1956); Mortimer v. Delta Air Lines, 302 F.Supp. 276 (N.D.Ill. 1969); Wills v. TWA, Inc., 200 F.Supp. 360 (S.D.Cal.1961). It is but a small step to apply the holding of *Fitzgerald* and its progeny to a situation, as in this instance, where an air carrier is allegedly guilty of a discriminatory departure from the tariff filing provisions of the act.* In so far as plaintiff claims that she and members of her class were prejudiced by Alitalia's sale of youth fare

---

* In *Danna, supra,* Judge Gurfein declined to hold that a private right of action could be implied for an alleged violation of § 404(b) of the act where the claim is that a discriminatory fare was charged. 334 F. Supp. at 60. The Court of Appeals in affirming Judge Gurfein's decision expressed no opinion on this particular point. We are not faced here with the type of case that impinges upon the uniform regulation entrusted to the CAB.

tickets prior to the effective date of its filed tariff, plaintiff has a proper cause of action.

It cannot be successfully argued that plaintiff must first exhaust her administrative remedies, because it is clear that the CAB has no authority to award damages to private persons for a violation of section 403 of the act.

Defendant contends that, if this Court decides that Alitalia has violated its fare tariff to plaintiff's damage, this Court would be, in effect, determining the reasonableness of Alitalia's transatlantic youth fare tariff. To the contrary, we make no determination whatsoever as to the reasonableness of the tariff, a matter within the jurisdiction of the CAB. We merely hold that there exists an implied private right of action where the claim is that an air carrier has violated the tariff filing provisions of the act by selling youth fare tickets prior to the effective date of its filed tariff.

Because, as we stated at the outset, the complaint is defective in certain respects, we dismiss the complaint with leave to amend it within 30 days.

It is so ordered.