I. C. BRUNWASSER, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., Defendant.

Civ. A. No. 81–1162.

United States District Court, W. D. Pennsylvania.

Aug. 6, 1981.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

Jeffrey S. Blum, of Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

Sixteen years have not dimmed the observation of the Court of Appeals for the Fourth Circuit that to Attorney Allen N. Brunwasser, life is a battle, (*Brunwasser v. Suave*, 400 F.2d 600).  His appearance at the intake desk of the Clerk of Court's

Office of this Courthouse sends shock waves through the marble corridors, and up and down the stairwells into all the judicial chambers. The dread is acute because much of his litigation in this court involves himself or in some cases, as at present, his daughter. In the course of the voluminous papers presented we are frequently reminded that his daughter, the present plaintiff, who, it is alleged, has been serving as his legal secretary or paralegal, is due to enter the prestigious Law School of the University of Pennsylvania this fall. This apparently has something to do with the progress of this lawsuit because she could not be present for a scheduled deposition because of her presence in Philadelphia looking for an apartment and threatened future obstacles because of her required attendance at classes there.

Allen N. Brunwasser didn't choose to come into this federal district court; he was dragged here, and this discloses a chain of events in two court systems that, if closely observed, will give Ina Brunwasser a legal education in a wide range of subjects superior to that offered by any academic institution.

The factual background is as follows: In January 1981, Trans World Airlines began an advertising campaign to sell round-trip direct flights departing daily from Pittsburgh to London for a one week stay at a special price. Plaintiff, I. C. Brunwasser, bought a ticket on February 6, 1981 for a direct TWA flight, Pittsburgh to London and return, departing Tuesday, September 1, 1981, and returning Wednesday, September 9, 1981. We note that the ticket, a copy of which was attached to Mr. Brunwasser's brief, was charged to Allen N. Brunwasser's credit card. We note that a similar ticket was purchased for Allen N. Brunwasser at the same time. This gives rise to a class action allegation. At some time later, but in any event before June 4, 1981, TWA announced that it was no longer offering direct flights to London from Pittsburgh on a daily basis, but rather on a three times weekly basis, and that the Tuesday, September 1, 1981 flight was cancelled. They offered the Brunwassers direct flights on another day, or a flight to London on Tuesday, September 1, 1981 by way of New York, or a refund of the purchase price. This was apparently rejected because plaintiff now demands specific performance of the Tuesday, September 1, 1981 flight. It is obvious that the court cannot reach that issue before September 1, 1981 in view of the piles of motions and cross-motions placed before the court. It is also unlikely that any court of equity would impose such a drastic remedy in face of the reasonable alternatives offered plaintiff and her father by TWA. The court cannot see why a flight a day earlier or a day later, with the same conditions as to stay and return will not suffice. Allen N. Brunwasser can still escape Pittsburgh air-borne ragweed pollen for the same number of days. Is he sure that there is no comparable irritant in the London air at that season?

Litigation began in the Court of Common Pleas of Allegheny County, Pennsylvania, by filing a praecipe for a writ of summons in class action on June 4, 1981. The summons is somewhat detailed as to the purchase of the tickets, and the change of date of flights, and recites that the action was brought to obtain specific performance for plaintiff and other members of the class who purchased such tickets, and to secure damages and punitive damages after trial by jury. Nothing in this summons in any way refers to a federal jurisdictional basis for suit. It recites that plaintiff will take depositions to obtain a proper basis for a complaint. For some reason service of the summons was delayed and when plaintiff and her father returned from a five day trip to California on June 11, 1981 they learned of this and complained to the sheriff's office, whereupon service of the summons was made on TWA's regular business office. At the same time the sheriff served a notice of deposition upon TWA on June 15, 1981 with information that plaintiff had moved the court to waive the 30 day waiting period of Pa.R.Civ.P. 4007.2(b). This motion had not been granted however.

In the meantime, at the Allegheny County Courthouse, defendant moved for a pro-

tective order before Judge Silvestri, to whom all class action matters are assigned, against the proposed depositions before the 30 day waiting period. Judge Silvestri ruled that under Pa.R.Civ.P. 1703(a) a class action could only be initiated by the filing of a complaint. There were some other diversionary actions, such as a petition to remove Judge Silvestri, which are really not material here.

## I.

On July 12, 1981, Brunwasser filed a Complaint in the Court of Common Pleas. It is designated class action. It is a weird document to the eyes of one accustomed to the plain, simple direct statement mandated in federal practice. It is full of legal and statutory citations and references, legal conclusions, ad hominem remarks, arguments, speculations, and other faults that we need not discuss at this point.

On July 13, 1981, Defendant filed a petition for removal to this court under 28 U.S.C. § 1441(b), and also asked for a protective order from this court against scheduled depositions. Because the complaint had only been filed July 12, 1981, the 30 day bar on depositions without leave of court provided by Fed.R.Civ.P. 30(a) applied and the court granted the stay.

A spate of motions and cross-motions were filed, none of which are of interest to us now except Plaintiff's Motion to Remand, with which we will deal here. We must note Attorney Brunwasser conducts lawsuits like a commanding general of a theatre of operations. There are preliminary skirmishes, diversionary attacks, a main thrust, a fall-back position, and leap-frogging maneuvers, all conducted on a coordinated basis. Another difficulty of Attorney Brunwasser's pleadings is his literary style. When I was in college, which would be near the time of Allen N. Brunwasser, students tried to play the sedulous ape to certain prevailing literary styles. Most in favor was the strong, simple, direct prose of Ernest Hemingway, which is also the model of the Federal Rules of Civil Procedure. Others tried a bit of John Dos Passos, with its insertion of newsreel items of current events and portraits of prominent characters of the time, irrelevant to the story, but contemporaneous to its events. Allen N. Brunwasser's pleadings contain a good bit of this, and we are never certain whether we are reading an attempted assertion of a legal claim, or some side remark that popped into Brunwasser's mind at the time. But more than that, Brunwasser's pleadings and briefs reflect principally the style of the stream of consciousness school, so popular in that generation. We were able to understand dimly the action in "Ulysses", today it is explained by shelves of guides, commentaries, companions and concordances. As Joyce grew older he became more difficult and nobody understood "Finnegan's Wake" until the guides and commentaries began to appear. No one supplies us with guides to Brunwasser's pleadings.

Brunwasser's Motion to Remand and its supporting brief makes two arguments:

(1) The July 13, 1981 removal was out of time because the federal cause of action was obvious to defendant from June 12, 1981 from the papers then served, and

(2) There is no federal cause of action pleaded.

■ With regard to the first argument, while we admit that a summons commences a lawsuit in Pennsylvania (except for a class action which must be commenced by a complaint) there is absolutely nothing in the summons served June 12, 1981 that gives notice of any cause of action based on federal law. Plaintiff argues that he alleges breach of contract on a ticket to provide overseas transportation, therefore the Warsaw Convention, which is a treaty of the United States, may be involved, therefore a cause of action is pleaded involving a treaty of the United States which is a federal question cognizable in the Courts of the United States, as any fool can plainly see. However, the summons does not mention the Warsaw Convention or any other federal law. Nor is diversity of citizenship obvious from the summons because the alleged

cause of action involves only a $499 ticket, and cannot possibly meet the minimum $10,000 requirement for a diversity case.

■ Plaintiff's fall-back position is that if the summons does not give notice of a federal cause of action, the notice of depositions also served June 12, 1981 does. 28 U.S.C. § 1446(b) requires that removal be accomplished within 30 days of receipt of service of the receipt of the initial pleading, or within 30 days after receipt of a copy of an amended pleading, motion or order or other paper from which it may first be ascertained that the case is one which is or has become removable. We are well familiar with this argument which we considered at length in *Vendetti v. Schuster*, 242 F.Supp. 746 (W.D.Pa.1965). Despite counsel's diligent research of opinions of this writer, the case does not fit the present facts. The only mention of a federal cause of action in the Notice of Depositions is a reference to "a procedure condemned by state and federal law."

■ Plaintiff's counsel is well aware, by reason of his citation of another opinion of this writer (*Robertson Motor Freight, Inc. v. Brady Motorfrate, Inc.*, 287 F.Supp. 449 (W.D.Pa.1968)), that the mere mention of "federal law" or even the citation of a specific federal statute does not create a private cause of action cognizable in the federal courts. There are many federal statutes that control or forbid or penalize certain activities, but which give no private right of action cognizable in the federal district courts. Plaintiff also acknowledges that the Federal Aviation Act does not give rise to a private cause of action in the federal district court. Therefore, the "Notice of Deposition" served June 12, 1981, is not such "other paper" under 28 U.S.C.A. § 1446(b) that gives notice that the action is one which is removable.

■ The first pleading that gives such notice is the Complaint filed July 13, 1981 at G.D. 81–15052 in the Court of Common Pleas of Allegheny County, Pennsylvania. This is a 9 page small type document, with the usual "alarums and excursions" which

are the individual style of Attorney Brunwasser. It is full of references to the Warsaw Convention, the Federal Aviation Act, regulations of the Civil Aeronautics Board. It is replete with legal arguments and citations to federal appellate and district court opinions. It is divided into 5 Counts, the first of which is "Claim for Relief Under Warsaw Convention", 49 U.S.C. § 1502. Count 2 states a claim under state statute, Count 3 is a claim in assumpsit, Count 4 is a claim in trespass, Count 5 is a claim for specific performance, and refers to United States Supreme Court equity rules.

This is the document that gives rise to the allegation of a federal cause of action. This is the first document that gives notice of a federal cause of action. The removal of the action one day after receipt of this document is timely.

Sometimes we overrate Attorney Brunwasser's legal wisdom, or his acumen. Since the above was written we have received from him an "Additional Motion to Remand" in which he says that Defendant's Answer, recently filed, denies that Plaintiff has any claim under the Warsaw Convention or the Federal Aviation Act and therefore admits that there is no federal cause of action! In the exercise of great restraint and self control, I will refrain from commenting.

### II.

■ As his fall-back position plaintiff's counsel argues that his Complaint asserts 4 counts of state law claims of breach of contract, tort and consumer protection statutes which are not removable under 28 U.S.C. § 1441(c). I read 1441(c) just the contrary. It says when a removable claim (a federal cause of action) "is joined with one or more non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." In any event actions for breach of contract and tort are not solely state based claims. They are common law claims triable in federal courts

when a proper jurisdictional base is present. A contract claim arising out of federal regulation of commerce is cognizable under 28 U.S.C. § 1337(a) in the federal courts, and could possibly apply to this action now that the $10,000 minimum requirement has been removed. A tort action is not exclusively a state cause of action, tort cases are regularly tried in the federal courts when there is diversity jurisdiction, or maritime jurisdiction, and particularly under the Warsaw Convention as the recognized Warsaw Convention jurisdiction is regularly applied in Wrongful Death cases. *Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir. 1978).

Plaintiff has pleaded a cause of action under the Warsaw Convention (49 U.S.C. § 1502) and this secures jurisdiction under 28 U.S.C. § 1331 (arising under the constitution, laws or treaties of the United States). He also pleads a cause of action under the Federal Aviation Act, 49 U.S.C. §§ 1373, 1374 and 1381. Private causes of action under 28 U.S.C. § 1331 arising out of the Federal Aviation Act have been recognized. *Gallagher v. Alitalia*, 361 F.Supp. 1097 (S.D. N.Y.1973); *Archibald v. Pan Am*, 460 F.2d 14 (9th Cir. 1972). But see, *Kodish v. United Airlines*, 463 F.Supp. 1245 (D.C.Colo. 1979), *aff'd.* 628 F.2d 1301 (10th Cir. 1980).

Therefore we conclude that plaintiff has pleaded colorable claims of federal causes of action justifying removal to the United States District Court. It must be noted that the judgment of this court is based on the assertion of these claims in the Complaint, and is no indication of their merit or their ability to survive more specific attack.

Plaintiff has raised certain objections to the procedure of filing the removal proceedings which we do not deem of sufficient merit to discuss here.

### ORDER

AND NOW this 6th day of August, 1981, the Motion of Plaintiff to remand the within action to the Court of Common Pleas is DENIED.