**In re Wayne SHUMA and Amilio Gallo, t/d/b/a Plaza Vending Co.; and Plaza Vending Family Fun and Games, Debtors.**

**Bankruptcy Nos. 83–0889, 84–1820.
Motion Nos. 89–7222M, 89–7873M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 24, 1990.

Allen N. Brunwasser, Pittsburgh, Pa., for debtors.

K. Lawrence Kemp, Kemp & Kemp, New Kensington, Pa., Trustee and Counsel to Trustee.

Sidney R. Finkel, Baskin, Flaherty, Elliott & Mannino, Pittsburgh, Pa., for petitioning creditors.

Stephen I. Goldring, Office of U.S. Trustee, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court are two motions by Attorney Allen N. Brunwasser (hereinafter "Brunwasser") filed on behalf of the Debtors, to-wit: 1) *Motion To Remove K. Lawrence Kemp As Trustee and Kemp &* *Kemp, Esquires From These Cases* (filed at Motion No. 89-7873M); and 2) *Motion To Recuse Judge Bernard Markovitz.*

Also before the Court is the Trustee's *Motion To Remove Counsel For Debtors And For Disgorgement Of Fees Paid Him* (filed at Motion No. 89-7222M).

The motion to remove the Trustee and his counsel will be denied for failure to show cause as required by 11 U.S.C. § 324(a). The motion for recusal of Judge Bernard Markovitz will be denied as being filed in bad faith, procedurally defective, and for failure to state sufficient grounds.

Due to counsel's repeated acts of misconduct, Trustee's motion to remove Brunwasser as counsel for the Debtors and to direct him to disgorge all fees received will be granted. Questions relating to violation of Rule 11 of the Federal Rules of Civil Procedure and/or Rule 9011 of the Bankruptcy Rules of Procedure shall be dealt with when and if requested, or upon further untoward activity.

## HISTORY

To appreciate the context in which these motions are made, it is necessary to have some understanding of the procedural history of the case. A detailed account of the endless motions and appeals would serve no meaningful purpose. Suffice to say that this case was commenced by an involuntary petition for relief on April 13, 1983, there are more than eighty (80) separate docket entries, and to date, Debtors have yet to file the initial Schedules or Statements of Financial Affairs. The following events are selected from the docket as significant to the motions before the Court.

On May 29, 1985, after more than two (2) years of motions, appeals, continuances, and rescheduled hearings, the late Honorable Gerald K. Gibson entered an Order for Relief under Chapter 7. It should be noted that Attorney Brunwasser failed to attend this hearing. On June 7, 1985, K. Lawrence Kemp, Esquire, was appointed Interim Trustee. On June 6, 1985, the Order for Relief was appealed by Attorney Brunwasser to the U.S. District Court for the West-

ern District of Pennsylvania (hereinafter "District Court"). On July 2, 1986, the appeal was dismissed. On August 14, 1986, a Motion for Reconsideration was filed and ultimately denied. Further appeal was taken to the U.S. Court of Appeals for the Third Circuit (hereinafter "Court of Appeals"). That appeal was dismissed on November 4, 1986 for failure of Debtors' counsel to order a transcript of the May 29, 1985 hearing.

On February 2, 1987, this Court entered an Order directing Debtors to file Schedules and a Statement of Financial Affairs by February 17, 1987. This triggered the requisite appeal and motions which culminated in said appeal being quashed. On August 2, 1989, the District Court, after considering additional arguments by Brunwasser, ratified the Order which quashed the appeal.

On August 1, 1989, Attorney Brunwasser began battle on a second front with the filing of a motion to vacate this Court's June 27, 1985 Order appointing the Trustee and giving same the authority to employ K. Lawrence Kemp as general counsel. A hearing was held on September 19, 1989 and the motion was denied. Appeal was taken. The foreseeable volley of motions (for Reconsideration, Investigation Of Office Procedures, and Rule 8011(e) Panel Review) were filed, scheduled for hearing, heard, and denied.

It is against this background that the Trustee has asked for removal of Debtors' counsel and disgorgement of all fees. Attorney Brunwasser now asks for removal of the Trustee and recusal of this writer.

## ANALYSIS

Were this any other case with any other counsel, the motions for removal and recu-

sal could be summarily dismissed as being devoid of merit. Dealing with Attorney Brunwasser, however, requires more detailed analysis in order to put to rest issues that lie beneath the surface of the pleadings. Other courts have experienced this frustration and have urged such caution in dealing with Attorney Brunwasser. *See, Brunwasser v. Suave,* 400 F.2d 600 (4th Cir.1968); *Brunwasser v. Trans World Airlines, Inc.,* 518 F.Supp. 1321 (W.D.Pa. 1981); *Brunwasser v. Strassburger,* 490 F.Supp. 959 (W.D.Pa.1980); *Charles Klein and Co., Inc. v. Howard Ellinoff, t/d/b/a The Linen Korner,* 136 P.L.J. 316 (1989). This list in all probability is not all-inclusive.

The late Chief Judge Weber offered this description of Attorney Brunwasser's tactics:

We must note Attorney Brunwasser conducts lawsuits like a commanding general of a theatre of operations. There are preliminary skirmishes, diversionary attacks, a main thrust, a fall-back position, and leap-frogging maneuvers, all conducted on a coordinated basis.

518 F.Supp. at 1324.

In the case at hand Attorney Brunwasser has exhausted all of the tactics described by Judge Weber. Moreover, it appears counsel has over-played his hand and crossed the bounds of propriety.[1]

■ The motion to remove the Trustee is the second such motion filed by Attorney Brunwasser, the first being considered and dismissed on September 19, 1989. This motion stems from the Trustee having filed a Response to Attorney Brunwasser's motion to recuse the undersigned, denying certain allegations and requesting that the Court deny the motion to recuse. Attorney Brun-

---

1. As a result of this Memorandum Opinion and Order, this writer is confident that he will be added to Attorney Brunwasser's list of judges and other public officials to be sued and/or harassed. Among the distinguished members of this select group have been: then-President Ronald Reagan, then-Secretary of The Treasury Donald Regan, the District Director of the Internal Revenue Service, the Mayor of Pittsburgh, the Mayor of Philadelphia, the City of Philadelphia Police Department, the Arlington Virginia

Police Department, the Disciplinary Board of the Supreme Court of Pennsylvania, The Honorable Joseph L. Cosetti, The Honorable Judith K. Fitzgerald (then-Assistant United States Attorney), The Honorable Eugene B. Strassburger, The Honorable I. Martin Wekselman, The Honorable R. Stanton Wettick, Jr., District Justice Jacob A. Williams, and the Sheriff of Allegheny County, Pennsylvania. This list in all probability is not all-inclusive.

wasser contends that the Trustee has now become an advocate of the undersigned and cites *Rapp v. Van Dusen,* 350 F.2d 806 (3rd Cir.1965) as authority for removal of the Trustee under these circumstances. The *Rapp v. Van Dusen* case dealt with a judge who, as respondent on review of his transfer order, employed as his counsel the attorneys for the successful parties below; he consulted with them in absence of their adversaries. Accordingly, the judge was not permitted to sit in further consideration of subsequent phases of litigation.

This case does not support Attorney Brunwasser's motion. The Trustee was neither employed by nor requested by the undersigned to file a Response to the motion to recuse. Under any circumstances, this case addressed the removal of the judge, not the advocate. This motion will be denied for failure to show cause as required by 11 U.S.C. § 324(a).

■ The motion to recuse under 28 U.S.C. § 144 and/or 28 U.S.C. § 455(a) is based on an alleged personal prejudice arising from unrelated 1985 litigation prior to this writer's elevation to the bench, as well as certain alleged ex-parte contacts relating to the case at bar. This Court's Order of October 24, 1989 is cited as a manifestation of this prejudice.

Attorney Brunwasser contends that in the case of *Federal National Mortgage Association v. Tommy Newring, Jr., et ux.,* No. G.D. 85–20.02, wherein this writer was counsel to Plaintiff, Brunwasser contested the amount of the claim and contested the amount of the attorney's fee submitted by Plaintiff. In addition, it is averred that during the period in question (the *Newring* case) this writer became personally upset, lost control, and conducted himself in an unprofessional manner by hanging up the phone on Attorney Brunwasser. The undersigned had no specific recollection of the details of this case until receiving the general docket file. The docket indicates, *inter alia,* an entry of a default judgment in mortgage foreclosure for the amount of $8,162.57. No mortgage payment had been made for eight (8) months and the mortgagor had been ad-

vised in writing of the mortgagee's intention to foreclose. The attorney's fee was the standard five percent (5%) fee ($359.83) on the principal balance ($7,196.58) as provided for by terms of the Note.

A settlement was reached before the Sheriff Sale went forward. Debtor paid all past due installments, plus costs. A thorough review of this file fails to reveal false claims and improper attorney's fees, nor does it refresh any recollection of threats to Attorney Brunwasser. Even if the facts are true as alleged, the undersigned can hardly bear animosity over an incident that he cannot recall.

The ex-parte contacts between this member of the Court and the Trustee were alleged to have occurred on September 19, 1989, the date for hearing the first motion to remove the Trustee. Attorney Brunwasser chose not to attend that hearing, nor did any other interested party, due to Movant's (Brunwasser's) failure to notify the Trustee as required by Order of Court. A review of the pleading occurred and a decision was made on the merits in open court. Clearly, no ex-parte contacts occurred, nor were ex-parte contacts possible. Equally clear is the fact that the pleading was not well-grounded in fact and that no investigation occurred prior to counsel's certification thereof.

■ Further, neither the Order of October 24, 1989, nor any other Order by this Court is sufficient basis for a charge of bias and prejudice. It has long been held that rulings by the Court afford no basis for bias and prejudice inasmuch as they are subject to appeal and erroneous ones can be corrected through the appellate processes. *Ex parte American Steel Barrel Co.,* 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); *Rea v. Ford Motor Co.,* 337 F.Supp. 950 (W.D.Pa.1972).

■ Not only is there a lack of substance in the underlying claim, but procedurally the motion is ludicrous. First, the protection provided by 28 U.S.C. § 144 and 28 U.S.C. § 455 extends to parties. Prejudice toward counsel is not ordinarily imputed to the party and is not generally suffi-

cient grounds for disqualification of a judge. *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044 (5th Cir.1975), *reh. denied* 521 F.2d 814 (5th Cir.1975), *cert. denied* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

■ Second, either section contemplates that the moving party will file an affidavit. The initial challenge is to determine who is the moving party. The document submitted is signed only by Attorney Brunwasser but contains a notation that the Debtors were not available to sign. Under any circumstances, the document submitted by Attorney Brunwasser is not affirmed before a person legally authorized to administer an oath or affirmation. *See,* 2 C.J.S. Affidavits § 20; 2 Am.Jur.2d Affidavits § 11. The statute requires such affirmation. *In re Bennett,* 223 F.Supp. 423 (W.D. Mich.S.D.1963); *In re Beecher,* 50 F.Supp. 530 (E.D.Wa.N.D.1943).

Third, 28 U.S.C. § 144 specifically requires that the affidavit be accompanied by a Certificate of Counsel of record stating that it is made in good faith. No such Certificate of Counsel was submitted. Such procedural defects alone are sufficient to defeat a motion for disqualification. *U.S. v. Clark,* 398 F.Supp. 341 (E.D. Pa.1975), *aff'd* 532 F.2d 748 (3rd Cir.1976).

■ In fact, this Court questions whether the motion to recuse was made in good faith. First, by his own admission, Attorney Brunwasser has moved for recusal of at least six (6) other judges: Chief Judge Cosetti, Chief Judge Teitlebaum, Judge Strassburger, Judge Wekselman, Judge McGowan and Chief Judge Weber. Independent research reveals similar motions to remove Judge Silvestri and Judge McCune, plus Writs of Prohibition against Judge Strassburger and Judge Wekselman. This appears to be a standard tactic utilized by Attorney Brunwasser. Second, on at least three (3) occasions, in two Court hearings (12–05–89 and 12–27–89) Attorney Brunwasser has stated on the record in open court that he will withdraw the motion to recuse if this Court will grant a new hearing to reconsider the original order for relief entered by Judge Gibson on May 29, 1985. If in fact this attorney had a basis for the request to recuse, we see no nexus, nor would the Court's prejudice be cured by granting a rehearing. This motion to recuse is an obvious, transparent attempt to vacate a final, non-appealable Order of Court and to obstruct and/or avoid justice.

Regarding the Order granting relief in Bankruptcy Court, an appeal was taken to the District Court and was dismissed; an appeal to the Third Circuit Court of Appeals was dismissed. The obvious appropriate procedure is for Attorney Brunwasser to request the Court of Appeals to vacate the Order of Dismissal and reinstate the appeal. Instead, he attempts to coerce this Court into making an end run around the Court of Appeals using the motion to recuse as leverage. This Court has a duty to not permit the use of an affidavit of prejudice as a means to delay or otherwise embarrass the administration of justice. *Callwood v. Callwood,* 127 F.Supp. 179 (V.I.1954); *Sanders v. Allen,* 58 F.Supp. 417 (D.C.Cal.1944). That is precisely what Attorney Brunwasser is attempting to accomplish.

The Court finds that the motion to recuse is not submitted in good faith and is insufficient in form and substance under either 28 U.S.C. § 144 or 28 U.S.C. § 455. For these reasons the undersigned will decline to disqualify himself.

At a hearing on December 5, 1989, Attorney Brunwasser insisted that this Court issue a formal order that Debtors file full and correct Schedules, despite the fact that this had already been so ordered on February 2, 1987 and upheld by a District Court Order on August 2, 1989. Attorney Brunwasser requires an Order to obey an Order to obey an Order. There comes a time when one wonders why he has come so far in an attempt to reach some common ground.

The above facts demonstrate a pattern of deliberate misconduct by Attorney Brunwasser. His refusal to obey Orders of the Court; his repeated and obviously frivolous motions and appeals; his raising the issue of disqualification in a manner which illustrates that its purpose is not to effect dis-

qualification but rather delay and subvert administration of justice; and, his invitation to the Court to commit an impropriety demonstrates a pattern of deliberate misconduct on the part of Attorney Brunwasser. During a hearing on December 27, 1989, Attorney Brunwasser offered as justification for his tactics a concern that failure to raise such issues could possibly subject him to a claim of malpractice by his client. This Court can understand that malpractice should concern an attorney who, among other things, fails to attend hearings, fails to obey Orders of the Court, and has appeals dismissed for failure to provide a transcript. The raising of frivolous motions and appeals, however, is not a means to rectify such carelessness.

 To this date, Attorney Brunwasser has not requested appointment as counsel to the Debtors. On the basis of these facts this Court has no choice but to exercise its powers under the Bankruptcy Code and will decline Attorney Brunwasser's request for appointment as Counsel to the Debtors when and if ever requested; and, will direct him to disgorge all fees received relating to this case. The Trustee's motion will be granted and Attorney Brunwasser will be ordered to comply with the provisions of the Bankruptcy Code and divulge the amount of his fee and pay over same to the Trustee.

Counsel need not request reconsideration, nor need he request a stay of this Order, as neither request will be granted. This Order shall remain in effect until vacated by this Court or an appellate Court. To be very clear, there must be compliance with this Order unless a Court of Appeals stays its effect.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 24th day of January, 1990, in accordance with the foregoing Memorandum Opinion issued this same date, it is ORDERED, ADJUDGED and DECREED as follows:

1) Debtors' Motion To Remove K. Lawrence Kemp as Trustee and Kemp & Kemp, Esquires as Counsel to the Trustee be and is hereby DENIED;

2) Debtors' Motion To Recuse Judge Bernard Markovitz be and is hereby DENIED; and

3) The Trustee's Motion To Remove Counsel For Debtors and For Disgorgement Of Fees is GRANTED. Attorney Brunwasser is ORDERED to divulge and disgorge all fees received in the above-captioned cases and turn same over to K. Lawrence Kemp, Trustee.